Joseph F. Brophy, Watson, Bishop, London & Galow, P.C., Austin, for respondent.

Justice HECHT, joined by Justice OWEN, dissenting from the denial of the petition for mandamus.

By denying this petition for mandamus and the petition for mandamus in *In re Kennedy Funding, Inc.*,[1] the Court refuses to enforce valid contractual forum-selection clauses. I would grant the petition in this case and direct the district court to enforce the clauses. I would request full briefing in *Kennedy Funding* and consolidate it with this case. From the Court's summary denial of both petitions I respectfully dissent.

GNC Franchising, Inc., a Pennsylvania corporation with its principal office in Pittsburgh, franchised four Texas residents, James E. English, Nasir S. Malik, and Jeffery and Vinetta Rosin, to operate retail nutrition, health, and fitness stores in Houston, Austin, and Pflugerville and Austin, respectively. The English, Malik, and Rosin franchise agreements each contain the following forum-selection clause:

> The parties agree that any action brought by Franchisee against Franchisor in any court, whether federal or state, shall be brought only within the Commonwealth of Pennsylvania in the judicial district in which Franchisor has its principal place of business; and the parties do hereby waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision.

Notwithstanding this agreement, the franchisees and their respective business entities filed suit in a district court in Houston against GNC Franchising; against a related entity, General Nutrition Corp., a Delaware corporation with its principal office in Pittsburgh, Pennsylvania (collectively "GNC"); and against two GNC employees,

**In re GNC FRANCHISING, INC., General Nutrition Corporation, Kathy Stetar, and Paul Gmelin, Relators.**

**No. 99–1134.**

Supreme Court of Texas.

June 15, 2000.

Clifford Bowie Husted, J. Wiley George, Strasbuger & Price, Houston, P. Michael Jung, Strasburger & Price, Dallas, for relators.

John Michael Johanson, Johanson & Fairless, Sugar Land, Daniel W. Bishop,

---

1. No. 00–0533, 43 Tex. Sup.Ct. J. 899 (June 22, 2000).

Kathy Stetar and Paul Gmelin, who reside in Texas. The franchisees assert causes of action for fraudulent inducement, fraud, intentional infliction of emotional distress, negligent misrepresentations, and violations of the Texas Deceptive Trade Practices–Consumer Protection Act[2] and the Texas Free Enterprise and Antitrust Act.[3] The district court denied the defendants' motions to dismiss based on the forum-selection clause.

In *The Bremen v. Zapata Off–Shore Co.*,[4] the United States Supreme Court held that forum-selection clauses are enforceable in admiralty cases unless enforcement would be unreasonable under the circumstances or a clause was invalid for reasons such as duress or fraud. The Supreme Court observed that this is the general rule in all kinds of cases in most common-law countries, that it is the rule adopted by the *Restatement (Second) of Conflict of Laws*,[5] and that it "accords with ancient concepts of freedom of contract".[6] Although this Court has not had occasion to consider the matter, the uniform view of Texas courts of appeals is that forum-selection clauses are generally enforceable,[7] provided they are reasonable and valid,[8] and that a forum state agreed upon would enforce the selection of Texas as the forum in similar circumstances.[9]

The franchisees here argue that their forum-selection clause is invalid because their franchise agreement was fraudulently induced. In *Scherk v. Alberto–Culver Co.*, the United States Supreme Court clarified the fraud exception to enforceability mentioned in *Bremen* to require that the forum-selection clause *itself* must be fraudulently induced, and not merely the agreement of which it was one provision.[10] Although one Texas court has reached a contrary conclusion,[11] any other rule would permit the party to a contract to escape a forum-selection provision merely by asserting a misrepresentation relating to some aspect of the agreement. *Scherk* is clearly the only practical rule.

The franchisees also argue that their forum-selection clause does not apply to the tort and statutory claims they have asserted. Some Texas courts have stated that forum-selection clauses should not apply to tort and statutory claims,[12] but others have indicated that such claims are subject to a forum-selection clause if they arise out of the parties' contractual relationship.[13] The latter courts are correct; otherwise a party could escape a forum-selection clause merely by adding some noncontractual claim to his pleadings.

2. Tex. Bus. & Com. Code §§ 17.41–.63.

3. *Id.* §§ 15.01–.52.

4. 407 U.S. 1, 10–11, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

5. *Id.* at 11, 92 S.Ct. 1907 (citing Restatement (Second) of Conflict of Laws § 80 (1971)).

6. *Id.*

7. *Southwest Intelecom, Inc. v. Hotel Networks Corp.*, 997 S.W.2d 322, 324 (Tex.App.—Austin 1999, pet. denied); *Abacan Technical Servs. v. Global Marine Int'l. Servs. Corp.*, 994 S.W.2d 839, 843–844 (Tex.App.—Houston [1st Dist.] 1999, no pet.); *Accelerated Christian Educ., Inc. v. Oracle Corp.*, 925 S.W.2d 66, 70 (Tex. App.—Dallas 1996, no writ); *Busse v. Pacific Cattle Feeding Fund # 1, Ltd.*, 896 S.W.2d 807, 812–813 (Tex.App.—Texarkana 1995, writ denied); *Greenwood v. Tillamook Country Smoker, Inc.*, 857 S.W.2d 654, 656–657 (Tex.

App.—Houston [1st Dist.] 1993, no writ); *Barnette v. United Research Co.*, 823 S.W.2d 368, 370 (Tex.App.—Dallas 1991, writ denied).

8. *Abacan*, 994 S.W.2d at 843–844.

9. *Southwest Intelecom*, 997 S.W.2d at 324.

10. 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974).

11. *Busse*, 896 S.W.2d at 813.

12. *Southwest Intelecom*, 997 S.W.2d at 324; *Busse*, 896 S.W.2d at 813; *Pozero v. Alfa Travel, Inc.*, 856 S.W.2d 243, 245 (Tex.App.— San Antonio 1993, no writ).

13. *Accelerated*, 925 S.W.2d at 72; *Greenwood*, 857 S.W.2d at 655, 657; *Barnette*, 823 S.W.2d at 370.

The franchisees argue that Pennsylvania would not enforce an agreement designating Texas as the forum for litigating such claims, citing *Churchill Corp. v. Third Century, Inc.*[14] While the court there refused to force two small Pennsylvania companies to *defend* a Missouri lawsuit for $1,700 allegedly due on a lease of a photocopier, the court suggested that the result would have been different had the suit been on a franchise agreement.[15] It does not appear that the agreement in the present case would be unenforceable under Pennsylvania law.[16]

The franchisees argue that the expense and inconvenience to them of litigating in Pennsylvania makes enforcement of their agreement unreasonable. But there is no indication that it would not be at least as expensive and inconvenient for GNC to litigate in Texas. If they read their agreements when they signed them, as must be assumed, the franchisees knew that they were obligating themselves to litigate disputes with GNC in Pennsylvania. The fact that they no longer like the deal is no more reason to excuse them from the forum-selection clause than from any other provision of their agreements. The parties' relationship has significant contacts with Pennsylvania, and their agreement to litigate there was not unreasonable.

Finally, the franchisees argue that relators are not entitled to mandamus relief because they have an adequate remedy by appeal after the litigation in Texas is concluded. This is simply wrong. Relators contracted for the right to litigate disputes with the franchisees in Pennsylvania and not in Texas. If the district court erred in refusing to enforce the forum-selection clause, then even if relators prevail on appeal, they will have lost forever the right for which they contracted. To wait until appeal to rule that this litigation never should have been brought in Texas is not only to deny relators their rights, but to waste the parties' time and money, and to waste the lower courts' limited resources. An agreement to have disputes resolved in the courts of a certain state is no different from an agreement to have disputes resolved by arbitration; both are forum selection. We have held that the wrongful refusal to enforce an agreement to arbitrate cannot adequately be remedied by appeal.[17] The wrongful refusal to enforce a forum-selection clause is no different.[18]

In *In re Kennedy Funding, Inc.*, another pending petition for mandamus, the relator complains of the district court's refusal to enforce a provision in a loan commitment agreement requiring the parties to litigate their disputes in New Jersey. The plaintiffs sued relator in a district court in Dallas, asserting various fraud claims, and the court denied relator's motion to dismiss based on the forum-selection clause. The plaintiffs' arguments appear to be virtually identical to the plaintiffs' arguments in the *GNC*,

**14.** 396 Pa.Super. 314, 578 A.2d 532, 536–537 (1990).

**15.** *Id.* at 539 ("A franchisor-franchisee agreement involves a long-term business relationship. The agreement's terms encompass virtually every aspect of the franchisee's business. Given the extent to which the franchisor is involved in the franchisee's business and the numerous and significant contacts between them, it is not unreasonable to expect that the franchisee may be hailed into court where the franchisor is domiciled.").

**16.** *See Central Contracting Co. v. C.E. Youngdahl & Co.*, 418 Pa. 122, 209 A.2d 810, 816 (1965); *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 201–204 (3d Cir.1983); *Cedarbrook Assocs. v. Equitec Savs. Bank*, 678 F.Supp. 107 (E.D.Pa.1987); *Bryfogle v. Carvel Corp.*, 666 F.Supp. 730, 734 (E.D.Pa.1987).

**17.** *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272–273 (Tex.1992).

**18.** *See Ex parte Northern Capital Resource Corp.*, 751 So.2d 12, 14–15 (Ala.1999); *Furda v. Superior Court of Orange County*, 161 Cal. App.3d 418, 207 Cal.Rptr. 646, 650–651 (1984).

and the Court should have considered the two cases together.

Both cases present recurring issues significant to our jurisprudence. I would grant relief in *GNC* and give *Kennedy Funding* full consideration. Accordingly, I dissent.