In re SGL Carbon Corporation and SGL Carbon LLC
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-55-CV

IN RE SGL CARBON CORPORATION
AND SGL CARBON, LLC

 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      SGL Carbon Corporation and SGL Carbon, LLC (“Relators”), bring this mandamus seeking
us to compel the trial court to grant their motion to dismiss based on the existence of a contractual
forum-selection clause. The clause designates the courts of North Carolina as the exclusive forum
for adjudicating disputes between the parties.
      The Supreme Court recently declined to grant a mandamus petition in which the relators
sought to have a contractual forum-selection clause enforced. See In re GNC Franchising, Inc.,
22 S.W.3d 929 (Tex. 2000) (orig. proceeding) (Hecht, J., dissenting). There is no majority
opinion. Justice Hecht, joined by Justice Owen, however, dissented from the denial of the petition
in a written, published opinion. Id.
      There are bases on which we could distinguish the present case from GNC. The primary
distinction lies in the validity of the clause in dispute. A forum-selection clause is presumed valid
if: (1) the parties agreed to submit their disputes to the exclusive jurisdiction of another state, and
(2) the other state also enforces forum-selection clauses. North Carolina, the forum named in the
disputed clause, does enforce valid forum-selection clauses. See Perkins v. CCH Computax, Inc.,
423 S.E.2d 780, 784 (N.C. 1992) (“Recognizing the validity and enforceability of forum-selection
clauses in North Carolina is consistent with the North Carolina rule that recognizes the validity
and enforceability of choice of law and consent to jurisdiction provisions.”). In GNC, there was
some dispute about whether Pennsylvania, the forum of choice, would enforce clauses similar to
the one found in the GNC franchising agreement. In re GNC, 22 S.W.3d at 931. Thus, there
could be no presumption of validity. That alone could have been enough to deny the petition.



      Although we could distinguish GNC, we decline to do so. Without the guidance of a majority
opinion, we can only surmise the basis for the denial of the petition. Because a majority of the
Supreme Court has denied a petition for writ of mandamus where the trial court refused to enforce
a forum-selection clause, we likewise deny this petition.
      The petition for writ of mandamus is denied.
 
                                                                   PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Writ denied
Opinion delivered and filed February 14, 2001
Do not publish