

NUMBER 13-09-00340-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GREATAMERICA LEASING CORPORATION AND STEVE LOUVAR

## On Petition for Writ of Mandamus.

## O P I N I O N

### Before Justices Rodriguez, Garza, and Vela
### Opinion by Justice Vela[1]

The underlying lawsuit involves a dispute between Alberto E. Almeida, M.D., P.A. ("AAMD"), and GreatAmerica Leasing Corporation ("GreatAmerica") over a lease agreement for the rental of medical equipment. By petition for writ of mandamus, GreatAmerica and its employee, Steve Louvar, contend that the trial court abused its discretion in refusing to enforce a forum selection clause in the lease agreement. We conclude that the trial court erred, and we conditionally grant the requested relief.

---

[1] See TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

I. BACKGROUND

AAMD leased a Cardiodynamics Bio-Z System from GreatAmerica. The parties entered into a "Lease Agreement" providing that AAMD would make sixty-three monthly rental payments of $851.00 plus tax. The Lease Agreement contains the following forum selection clause:

> ANY CLAIM RELATED TO THIS LEASE WILL BE GOVERNED BY IOWA LAW AND WILL BE ADJUDICATED IN A STATE OR FEDERAL COURT LOCATED IN CEDAR RAPIDS, IOWA. YOU HEREBY CONSENT TO PERSONAL JURISDICTION AND VENUE IN SUCH COURT AND WAIVE ANY RIGHT TO TRANSFER VENUE. EACH PARTY WAIVES ANY RIGHT TO A TRIAL BY JURY.

The Lease Agreement contains an end-of-term "purchase option" at "fair market value" and includes Dr. Alberto E. Almeida's personal guaranty for the required payments thereunder.

Thereafter, on October 28, 2004, the parties entered into a "Lease Amendment," which clarified the payment schedule as comprising three months without rental payments and sixty monthly rental payments of $851.00 plus tax. On December 26, 2007, the parties entered into a second "Amendment" to the Lease Agreement, which referenced thirty-three payments of $851.00 and two months without rental payment, and increased the remaining twenty-seven payments due to $869.20 plus tax. Both of the amendments provided that the terms of the lease "remain in full force and effect."

On November 25, 2008, GreatAmerica brought suit against AAMD and Dr. Alberto E. Almeida, in Linn County, Iowa, for breach of the lease and breach of Dr. Almeida's personal guaranty on the lease, contending that AAMD and Dr. Almeida failed to make the requisite monthly payments for leasing the medical equipment.

On January 13, 2009, AAMD filed suit against GreatAmerica and Louvar in the 404th Judicial District Court of Cameron County, Texas, alleging causes of action for

breach of the lease and fraud. On February 16, 2009, GreatAmerica answered this lawsuit and filed a "Motion to Enforce Forum Selection Clause," seeking to dismiss the lawsuit based on the forum selection clause contained in the Lease Agreement. Louvar filed a special appearance. AAMD did not file a response to GreatAmerica's motion to dismiss.

The trial court held a non-evidentiary hearing on the motion to dismiss on April 1, 2009. AAMD argued that the lease agreement was procured by fraud and, inter alia, that GreatAmerica waived enforcement of the forum selection clause because it, unlike Louvar, failed to file a special appearance. The trial court agreed and denied GreatAmerica's motion to dismiss. However, the trial court did not address Louvar's special appearance.

GreatAmerica subsequently filed a "Motion to Reconsider Motion to Dismiss and to Enforce Forum Selection Clause," which was heard on May 20, 2009. At the hearing, Dr. Almeida testified generally regarding his understanding of the terms of the lease and his allegations of fraud. With regard to the original agreement, Dr. Almeida testified that he understood that he did not have to make rental payments for three months; that he had a thirty-six month payment plan; and that the lease had a "dollar buyout" as a lease-to-own provision, by which he could purchase the equipment at the end of the lease for one dollar. Dr. Almeida testified that the original lease stated that it was for a term of sixty-three months, but that the lease term should have been designated as thirty-six months. He introduced emails from Louvar regarding a lease amendment, which "changed the payments to the first 3 payments being at $0, followed by 36 payments of $851.00." Dr. Almeida testified that all of his lease agreements contained lease-to-own provisions, and further testified it would be "stupid" to lease a machine for sixty-three or thirty-six months and then pay fair market value for it.

3

With regard to his execution of the Lease Agreement, Dr. Almeida testified that "it doesn't look like my signature, so I don't really remember whether that is or not." In response to cross examination regarding whether he was testifying that he did not sign the Lease Agreement, Dr. Almeida stated that:

> No, I really don't remember this. I remember that there was a problem with the original lease, that they had made a mistake in the months, and we had the—they sent me the amendment—in the months, and also the first three payments that were not going to be made. I was supposed to be able to skip the first three payments. Or it was three months at—three at zero and then 36 at $851.00.

Dr. Almeida later admitted signing a lease, but he did not know if the Lease Agreement introduced into evidence by GreatAmerica in this case was the version he signed. He testified that he read the Lease Agreement sent to him by GreatAmerica before signing it. When asked if he saw the forum selection clause in the Lease Agreement, he responded:

> I was not comfortable with that agreement and the way that it was written. It was wrong. They gave us the wrong dates and the wrong leasing and everything, so it was amended. On the amendment, I didn't see anything having to do with anything having to be in Iowa. And besides that, I really believe—I believe that this company has been . . . going about this in a fraudulent manner. They never gave me and they never would give me the amount of what the machine was. They never showed me where the taxes were going. I had all kinds of problems with them, and when I realized around that time that already the lease had to be up, that's when I started trying to get that information.

Dr. Almeida did not recall ever asking that the forum selection clause be changed. He testified that when the original lease term expired, GreatAmerica began sending him correspondence stating that he owed money for the lease.

Dr. Almeida did not recall the first lease amendment or agreeing to amend the lease as specified therein. He offered a second version of the "Lease Amendment," largely identical to the one offered by GreatAmerica, including the hand-written portions thereof,

4

except that Dr. Almeida's version contained a purchase option of "$1.00" at end of term and provided a payment schedule comprising thirty-six rental payments rather than sixty-three. This version of the "Lease Amendment" was also executed by the parties.

Dr. Almeida denied entering the second "Amendment" to the lease in 2007, stating that he did not remember that document and the contents of the amendment itself did not make sense. Dr. Almeida conceded that the signature on the December 2007 amendment looked like his, but he denied that the agreement at issue was for the terms stated therein.

Following the hearing, the trial court denied GreatAmerica's motion to reconsider and enforce the forum selection clause.[2] This original proceeding ensued. GreatAmerica and Louvar contend that the trial court erred when it refused to enforce the forum selection clause in the absence of any allegation or evidence that the forum selection clause itself was procured by fraud. In response, AAMD argues solely that the forum selection clause is invalid because it was secured by fraud.

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must show both that the trial court abused its discretion and that the relator has no adequate appellate remedy. *See In re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex. 2007) (orig. proceeding). Mandamus relief is available to enforce forum-selection agreements because there is no adequate remedy by appeal when a trial court abuses its discretion by refusing to enforce a valid forum-selection clause that covers the dispute. *In re Int'l Profit Assocs.*, 274 S.W.3d 672,

---

[2] Mandamus is generally not available to contest the failure to reconsider a prior ruling because courts are not required to reconsider prior rulings; therefore, it is not an abuse of discretion to refuse such petitions for reconsideration. *See generally Elec. Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 736-37 n.5 (Tex. App.–Dallas 1993, orig. proceeding); *J.K. & Susie L. Wadley Research & Inst. Blood Bank v. Whittington*, 843 S.W.2d 77, 86-87 n.9 (Tex. App.–Dallas 1992, orig. proceeding); *see also In re Moncivais*, No. 13-08-00523-CV, 2009 Tex. App. LEXIS 552, at **3-4 (Tex. App.–Corpus Christi Jan. 23, 2009, orig. proceeding) (mem. op.). Accordingly, our review herein is limited to the trial court's denial of GreatAmerica's motion to enforce the forum selection clause.

5

675 (Tex. 2009) (orig. proceeding);  *In re Lyon Fin. Servs.*, 257 S.W.3d 228, 231 (Tex. 2008) (orig. proceeding) (per curiam); *see also In re AIU Ins. Co.*, 148 S.W.3d 109, 115-20 (Tex. 2004) (orig. proceeding).

## III. ANALYSIS

Forum selection clauses are generally enforceable, and a party attempting to show that such a clause should not be enforced bears a heavy burden to prove the clause is invalid.  *In re Int'l Profit Assocs*., No. 08-0531, 2009 Tex. LEXIS 391, at *4 (Tex. June 12, 2009) (orig. proceeding) (per curiam); *Lyon Fin. Servs.*, 257 S.W.3d at 232; *AIU Ins. Co.*, 148 S.W.3d at 113.  A trial court must presume that a mandatory forum-selection clause is valid and enforceable.  *See Int'l Profit Assocs.*, 274 S.W.3d at 680; *In re Boehme*, 256 S.W.3d 878 (Tex. App.–Houston [14th Dist.] 2008, orig. proceeding).  A trial court abuses its discretion if it refuses to enforce a forum-selection clause unless the party opposing enforcement clearly shows that:   (1) the clause is invalid for reasons of fraud or overreaching; (2) enforcement would be unreasonable or unjust; (3) enforcement would contravene a strong public policy of the forum where the suit was brought; or (4) the selected forum would be seriously inconvenient for trial.  *Int'l Profit Assocs.*, 2009 Tex. LEXIS 391, at **4-5; *Lyon Fin. Servs.*, 257 S.W.3d at 231-32.  Our focus herein is limited to the sole ground alleged by AAMD for avoidance of the forum selection clause:  fraud.

The Texas Supreme Court expounded on the circumstances in which a forum selection clause can be invalidated by fraud in *In re GNC Franchising, Inc.*, 22 S.W.3d 929 (Tex. 2000) (orig. proceeding):

> In *Scherk v. Alberto-Culver Co.*, the United States Supreme Court clarified the fraud exception to enforceability mentioned in *Bremen* to require that the forum-selection clause itself must be fraudulently induced, and not merely the agreement of which it was one provision.  Although one Texas court has reached a contrary conclusion, any other rule would permit the party to a contract to escape a forum-selection provision merely by asserting a

6

misrepresentation relating to some aspect of the agreement. *Scherk* is clearly the only practical rule.

*Id.* at 930 (internal footnotes omitted) (discussing *Scherk v. Alberto Culver Co.*, 417 U.S. 506, 519 n.14 (1974) and *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-15 (1972)). Accordingly, fraud may invalidate a forum-selection clause, but only if the inclusion of that clause, as opposed to the signing of the entire contract, was the product of fraud. *See id.*

AAMD's proffered documentary evidence and Dr. Almeida's testimony concern allegations of fraud on the part of GreatAmerica and Louvar with regard to the substantive provisions of the lease itself, specifically, the terms and conditions of payment and the purchase-to-own contingency. AAMD offers no evidence of fraud, misrepresentation, or overreaching on the part of GreatAmerica or Louvar in inducing AAMD to agree to the inclusion of the forum selection clause in the agreement. Dr. Almeida specifically testified that he read the Lease Agreement and, through his testimony, conceded his awareness of the forum selection clause. None of the evidence adduced by AAMD shows or indicates that the forum selection clause itself is invalid because it was secured by fraud.

Unless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause to agree to inclusion of that clause in a contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause. *See generally id.* In the instant case, there was no evidence indicating that the forum selection clause itself was fraudulently induced, and accordingly, the trial court abused its discretion in failing to enforce the forum selection agreement entered by the parties. *See id.*; *Lyon Fin. Servs.*, 257 S.W.3d at 232.

IV. Conclusion

The Texas Supreme Court has held that a trial court must enforce a mandatory forum-selection clause and that the failure to do so constitutes an abuse of discretion. *See*

7

*AIU Ins. Co.*, 148 S.W.3d at 111-12. Because AAMD did not satisfy its burden of demonstrating that the forum selection clause was invalidated by fraud, the trial court must enforce the forum selection clause. Accordingly, we conditionally grant the petition for writ of mandamus and order the trial court to: (1) vacate its order denying the motion to enforce and dismiss; and (2) sign an order granting the motion to dismiss. The writ will issue only in the event the trial court fails to do so.


Justice Rose Vela


Opinion delivered and filed
this 27th day of August, 2009.