

**NUMBER 13-14-00323-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE OCEANOGRAFIA, S.A. de C.V., OTTO CANDIES, LLC, CANDIES MEXICAN INVESTMENTS, AND OSA INTERNATIONAL**

**On Petition for Writ of Mandamus.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Perkes and Longoria Memorandum Opinion by Justice Perkes[1]**

On June 11, 2014, relators Oceanografia, S.A. de C.V. ("Oceanografia"), Otto Candies, LLC ("Otto Candies"), Candies Mexican Investments ("Candies Mexican"), and OSA International, filed a petition for writ of mandamus in the above cause through which they contend that the trial court abused its discretion on April 7, 2010, by denying their motion to dismiss on forum non conveniens grounds, and again on April 30, 2014, by

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

denying their motion to reconsider that ruling.  As stated herein, we deny the petition for writ of mandamus.

## I. BACKGROUND

The underlying personal injury and wrongful death lawsuit arose from a fire aboard the *Sebaan*, a crewing vessel registered in Mexico.  On October 11, 2007, the real parties in interest,[2] who are offshore oilfield workers, boarded the *Sebaan* in the port of Ciudad del Carmen in Mexico to travel to an offshore worksite for Pemex, the national oil company of Mexico.  While the *Sebaan* was en route to the Pemex platform, it caught fire.  All of the real parties suffered personal injuries, and one died as a result.

On July 17, 2008, the real parties brought suit against relators in the 103rd District Court of Cameron County, Texas for causes of action including negligence, gross

---

[2] The real parties in interest in this original proceeding are:  Marisela Olan Jimenez, individually and as next friend of Rosa Maria Ovando Jimenez, Orbeline Marquez Marquez, Micaela Ovando Jimenez, and Mariana Calderon Hernandez, individually and on behalf of the estate of Gualberto Jimenez Marquez; Javier Andrade Romero, Domingo Arteaga Gallarado, Amilcar Daniel Bolanos Lagunes, Juan Ramon Chable Gomez, Carlos Felipe Chapus Perez, Hector Virgilio Cardona Constantino, Jose Angel De La Cruz Lopez, Fernando De La Paz Alvarado, Esau Escalante Melo, Sergio Gallegos Martinez, Alvaro Gomez Sanchez, Felipe Guajardo De La Fuente, Edison Hipolito Real, Emmanuel Ibarra Gabaldon, Jose Manuel Jimenez Hernandez, Pedro Lara Altamirano, Enrique Lara Gonzales, Juan Carlos Lopez Vasquez, Carmen Lopez Ramirez, Isidro Antonio Lopez, Jacobo Isquerdo Crisostomo, Luis Alberto Magana Morales, Cirilo Cuauhtemoc Martinez Vazquez, Armiro Mulato Farias, Jose Alberto Palomec Velazquez, Salvador Perlestayn Perez, Mario Alberto Pineyro Silva, Williams Portugal Almeda, Hugo Rangel Ortiz, Sergio Jesus Rejon Poot, Luis Ernesto Rivadeneyra Herrera, Edel Roque Mulato, Williams Sallelin De La Cruz Cruz, Fidel Salomon Barrientos, Jose Luis Sanchez Mendez, Jose Juan Serrano De Los Santos, Fredy Humberto Soto Perez, Irineo Landa Soto, Jorge Eduardo Torres Contreras, Jose Luis Toxqui Tepale, Jonatan Trejo Gallardo, David Ventura Mendez, Alejandro Gonzales Sosa, Luciano Reyes Sanchez, Bartolo Pale Diaz de Leon, Mariano Garcia de la Cruz, Guillormo Molina Marque, Edy Bautista del Angel, Jose Carzorla Jimenez; Ignacio Blanco Gomez, Tomas Simon Salvador, Alejandro Barreeto Rivera, Guillermo Blas Sanchez, Elvin Lope Perez, Froylan Ramirez Galmich, Martin Uscanga Salto, Jose Juan Serrano De Los Santos, Hector Cruz Rodriguez, Ismael Cana May, Pedro Mijangos Osorio, Magdaleno Sanchez Barahona, Alejandro Villalobos Estudillo, Miguel Angel Cervantes Lopez, Rodolfo Flores Lopez, Jose del Carmen Tolina Torres, Luis Arturo Chable Gutierrez, Isidro Castillo Lopez, Rogelio Gomez Rivera, Augustin Arenas de la Cruz, David Ortiz Perez, Jose Juan Vasquez, Jose Damian Gonzalez Mendiola, Joel Ramierz Cruz, Gustavo Martinez Lopez, Juan Jose Lopez Espindola, Jorge Gutierrez Garcia, Antonio Carballo Fuentes, Mauricio Perlestayan Perez, Eduardo Paulino Corona Gonzalez, Jorge Carlos Tobilla Azcanio, Hector Martinez Arellano, Cosme Antonio Carrasco, Cesar Augusto Maldonado Ruiz, Jose Felix De la Luz Munoz, Julian Gordillo Bernardo, Jose Cruz Sanchez Vasquez, Joel Garcia Hernandez, Luis Mario Arias Coronel, Victor Hugo Marin Rivas, Dionisio Mendo Uscanga, Osvaldo Angeles Bautista, and Jesus Robles Ruizor.

2

negligence, and unseaworthiness of the vessel, and they sought actual and punitive damages. They alleged, inter alia, that relators failed to provide the real parties with safety instructions or safety training. They asserted that the *Sebaan* was unseaworthy, lacked a functional fire-fighting system, and was not equipped with appropriate life rafts, fire extinguishers, life buoys, or emergency lighting. According to real parties in interest, Otto Candies is the Louisiana limited liability corporation that owned the *Sebaan* at the time of the accident, Candies Mexican is a Mexican entity that is an alter ego of Otto Candies, Oceanografia is the Mexican company that chartered the *Sebaan* in a joint venture with Otto Candies, and OSA International is a United States company that is either an alter ego of Oceanografia or is engaged in a joint venture with Oceanografia.[3]

By June 2009, Oceanografia, Otto Candies, and Candies Mexican filed motions to dismiss on forum non conveniens grounds.[4] After detailed and substantive briefing provided by the parties, the trial court heard the motions to dismiss on March 3, 2010. On April 7, 2010, the trial court denied the motions to dismiss. On April 13, 2010, the trial court entered extensive findings of fact and conclusions of law in support of its ruling.

The parties then proceeded to litigate the case for more than four years. They engaged in extensive discovery, and on August 9, 2013, relators filed a motion for summary judgment or partial summary judgment against all real parties in interest on both

---

[3] One of the hotly contested issues in this case is the relationships between the relators and the roles that they played with regard to the accident at issue. Given our disposition of this case, we need not and should not attempt to resolve these contested factual matters. Appellate courts may not deal with disputed areas of fact in a mandamus proceeding. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 676 (Tex. 2007) (orig. proceeding); *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding).

[4] These entities also filed special appearances which the trial court denied. One relator appealed the denial of its special appearance. *See Oceanografia, S.A. de C.V. v. Hernandez*, No. 13-10-00223-CV, 2011 WL 6142789, at *1 (Tex. App.—Corpus Christi Dec. 8, 2011, pet. denied) (mem. op.) (affirming the denial of the special appearance).

traditional and no-evidence grounds.[5]  On November 26, 2013, real parties filed a voluminous response to the motion for summary judgment.   On April 16, 2014, approximately one month before the initial setting for the first trial group in this case, relators filed a motion to reconsider the denial of their motions to dismiss on forum non conveniens grounds.  According to the relators' memorandum in support of their motion to reconsider, relators requested reconsideration of the denial based on all the reasons previously argued and also urged that "recent events prove that the Texas forum is highly inconvenient and that this case should be litigated in Mexico."   According to the memorandum, there are ninety-nine plaintiffs asserting claims in this matter.  Pursuant to a trial court scheduling order, the claims of eight plaintiffs were scheduled for an initial trial on May 19, 2014, however, two of the eight plaintiffs were unable to procure a visa to enter the United States for deposition.  In short, relators contended:

> These events demonstrate that proceeding in Texas has and will cause substantial injustice.  In addition to defendants' inability to acquire discovery, it is also apparent that a meaningful percentage of the plaintiffs cannot come to the U.S. to attend their own trials or to appear for deposition. In this instance, two of the eight plaintiffs whose claims are set for trial in May are unable to cross the border.  This problem will doubtless persist in the future with the remaining 91 plaintiffs' claims.  In fact, this problem will almost certainly get worse. Because plaintiffs' counsel have presumably selected their most appealing and available plaintiffs for the initial trial setting, the percentage of the plaintiffs unable to cross the border will almost

---

[5] Relators argued that:  (1) real parties' claims are governed by the substantive law of Mexico, as the jurisdiction with by far the closest connection to the accident and the greatest interest in adjudicating the dispute; (2) under controlling Mexican law, real parties have no claim for punitive damages; (3) under Mexican law, real parties have no claim or remedy based on piercing the corporate veil, joint-enterprise theory, or any similar action or remedy; (4) real parties have no claim for gross negligence under Mexican law; (5) under Mexican law, real parties have no claim regarding unseaworthiness; (6) real parties have asserted no claim against Con-Dive, LLC, an entity that is not involved in this original proceeding; (7) as a matter of law, Otto Candies had no legal relationship with the *Sebaan* and no responsibility for operating, manning, maintaining or repairing it; (8) as a matter of law, Candies Mexican had no responsibility for operating, manning, maintaining or repairing the *Sebaan* since the vessel was under bareboat charter to another company; and (9) real parties have no evidence to support essential elements of many of their claims.

4

certainly increase in the future as additional plaintiffs' claims are set for trial. Even at a 25% failure rate, 24 of the plaintiffs will not get their day in court.

A third plaintiff (Juan Carlos Lopez Vasquez) among the initial eight was just presented for deposition in McAllen on March 26, 2014. Defendants have likewise been attempting to take the deposition of this plaintiff for years now. Defendants' ability to prepare a vigorous defense against the claims of this plaintiff have been substantially prejudiced by this late deposition. Because the deposition occurred just weeks before trial, defendants have been deprived of any meaningful ability to react and to develop counter evidence with which to oppose this plaintiff's claims.

Exacerbating the problem, plaintiffs' counsel have evidently been unable to obtain meaningful materials from Mexico with which to answer defendants' written discovery requests. In 2010, defendants issued basic discovery requests, seeking an itemization of each plaintiffs' alleged injuries and damages and the documentation relating to their damage claims, including with respect to their medical treatment and alleged wage losses.

On April 22, 2014, the trial court held a hearing on relators' motion for summary judgment and relators' motion for reconsideration of the trial court's denial of the motions to dismiss on forum non conveniens grounds. After hearing argument, the trial court informed the parties that relators' motion for summary judgment would be handled by submission, but did not issue a ruling in court. With regard to the relators' motion to reconsider, the trial court stated that it would remove the two plaintiffs who could not cross the border for trial from the initial group of trial plaintiffs. The trial court ruled that for future trial settings, if a plaintiff could not cross the border, that plaintiff's claims would be dismissed. "[N]ext time, I will not let you withdraw. You're going to have to dismiss if you cannot get them here." The trial court orally denied relators' motion for reconsideration of the forum non conveniens ruling at the hearing and subsequently by written order on April 30, 2014. Relators thereafter requested and received a continuance for the first trial group setting in this case, which was initially set for May 2014.

5

This original proceeding ensued on June 11, 2014. By one issue, relators contend that the trial court erred in refusing to dismiss the case on forum non conveniens grounds. Relators' state the issue as follows:

> The Texas law of forum non conveniens requires dismissal of suits brought in Texas by foreign plaintiffs whose claims lack a meaningful connection to Texas. In this case, 96 Mexican citizens sue for injuries and one death arising from a fire on a Mexican-flagged vessel, with a Mexican operator and crew, while traveling from a Mexican port through Mexican waters to an offshore platform operated by PEMEX, the national oil company of Mexico. Since the key witnesses and evidence are in Mexico beyond the Texas court's subpoena power, and since some of the plaintiffs are not allowed into the U.S. to pursue their claims, did the trial court abuse its discretion in a manner that cannot be adequately remedied on appeal in refusing to dismiss the case on forum non conveniens grounds?

This Court requested and received a response to the petition from the real parties in interest. Real parties in interest contend that mandamus relief should be denied because relators have "slumbered on their rights," and, alternatively, the trial court did not abuse its discretion in either denying the motions to dismiss or denying reconsideration of the motions to dismiss.

## II. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). "A trial court has no discretion in applying the law to the facts or determining what the law is." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135. We assess the adequacy of an appellate remedy by balancing the benefits of mandamus

6

review against the detriments. *In re State*, 355 S.W.3d 611, 614–15 (Tex. 2011) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In performing this balancing, we look at a number of factors, including whether mandamus review "will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re State*, 355 S.W.3d at 615 (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

We review a trial court's refusal to dismiss on forum non conveniens grounds for abuse of discretion. *In re Ensco Offshore Int'l Co.*, 311 S.W.3d 921, 923–24 (Tex. 2010) (orig. proceeding); *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 679 (Tex. 2007) (orig. proceeding). An appeal is not adequate when a motion to dismiss on forum non conveniens grounds is erroneously denied, so mandamus relief is available, if it is otherwise warranted. *In re Ford Motor Co.*, No. 12-0957, __ S.W.3d __, 2014 WL 2994622, at *2 (Tex. July 3, 2014) (orig. proceeding); *In re Ensco Offshore Int'l Co.*, 311 S.W.3d at 923–24; *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008) (orig. proceeding).

### III. OSA INTERNATIONAL

We first address the request for mandamus relief made by OSA International. Real parties contend that OSA International never filed a motion to dismiss on forum non conveniens grounds. The mandamus records provided by the parties fail to contain any such motion. Equity generally is not served by issuing an extraordinary writ against a trial court judge on a matter that was never presented in the trial court and that the trial judge had no opportunity to address. *In re Jarvis*, 431 S.W.3d 129, 139 (Tex. App—Houston [14th Dist.] 2013, orig. proceeding). Accordingly, a request for action by the trial court

7

and a refusal of that request is generally a predicate to mandamus relief. Thus, mandamus will not issue unless: (1) the relator has made a demand on the respondent, and (2) the respondent has denied relief or otherwise refused to act. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding); *In re Cullar*, 320 S.W.3d 560, 564 (Tex. App.—Dallas 2010, orig. proceeding). Accordingly, we deny the petition for writ of mandamus as to OSA International on this ground. We proceed to address the petition for writ of mandamus as asserted by the remaining relators.

## IV. LACHES

As stated previously, real parties contend that mandamus relief should be denied because relators "have slumbered on their rights," that four years of delay establishes a lack of diligence that precludes mandamus relief, and that they have suffered prejudice as a result of the delay. Real parties in interest assert that relators are only seeking mandamus relief "on the eve of trial," that they have incurred the time and expense of litigating the case for four years, and that they should not have to suffer the "inherent unfairness" of relators' attempt to substantively litigate this case by summary judgment and simultaneously have the case dismissed on forum non conveniens grounds at this late stage in the litigation. Because we consider this proposition dispositive of this original proceeding, we address this issue first.

Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding); *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex. 1999)

8

(orig. proceeding); *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding); *In re Key Equip. Fin. Inc.*, 371 S.W.3d 296, 300 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding).  One such principle is that equity aids the diligent and not those who slumber on their rights.  *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 676.  Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay.  *Id.; In re SCI Tex. Funeral Servs., Inc.*, 236 S.W.3d 759, 761 (Tex. 2007) (orig. proceeding); *In re Pendragon Transp. LLC*, 423 S.W.3d 537, 540 (Tex. App.—Dallas 2014, orig. proceeding); *In re Higby*, 414 S.W.3d 771, 783 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding [mand. denied]).  To invoke the equitable doctrine of laches, a real party in interest ordinarily must show an unreasonable delay by the relator in asserting its rights and a good faith and detrimental change in position because of the delay.  *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989).

At the present time, the underlying lawsuit has been pending for more than six years.  The trial court denied relators' motions to dismiss on forum non conveniens grounds more than four years ago.  Relators neither sought reconsideration of the trial court's ruling at that time nor did they seek appellate review.  Relators waited until one month before the initial trial setting to further pursue this issue.  Relators offer no justification for their delay in filing either the motion for reconsideration or this original proceeding.  Relators instead assert that changed circumstances, that is, their difficulty in obtaining necessary discovery and securing the presence of some of the real parties for trial, merits revisiting this issue.  However, relators' motion for reconsideration and their petition for writ of mandamus largely reiterate arguments that were originally

9

presented to the trial court in connection with relators' original motions to dismiss.[6]  To the extent that relators assert difficulties with discovery or trial scheduling, we note that they are not seeking mandamus relief regarding those matters.

Under these circumstances, we conclude that a four-year lapse in pursuing relief regarding the trial court's denial of relators' motions to dismiss on forum non conveniens grounds constitutes an unreasonable delay.  *See In re Laibe Corp.*, 307 S.W.3d at 318; *Rivercenter*, 858 S.W.2d at 367; *Rogers*, 772 S.W.2d at 80; *In re Pendragon Transp., LLC*, 423 S.W.3d 537, 540 (Tex. App.—Dallas 2014, orig. proceeding); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding).  In this context, it is readily apparent that the Legislature intends that motions regarding forum non conveniens matters should be handled expeditiously and not immediately prior to trial.  *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(d) (West, Westlaw through 2013 3d C.S.) (requiring a request for stay or dismissal to be filed "not later than 180 days after the time required for filing a motion to transfer venue" and requiring the moving party to request and obtain a hearing "at a reasonable time prior to commencement of the trial, and in no case shall the hearing be held less than 30 days prior to trial"); *id.* § 71.051(g) (West, Westlaw through 2013 3d C.S.) (providing that any time limit established by this section can be extended by the court "for good cause shown").  Moreover, relators' actions during this four year period of delay, including engaging in full discovery and filing a merits-based motion for summary judgment, are inconsistent with pursuing their

---

[6] Mandamus is typically not available to contest the failure to reconsider a prior ruling because courts are not required to reconsider prior rulings; therefore, it is not an abuse of discretion to refuse such petitions for reconsideration.  *In re GreatAm. Leasing Corp.*, 294 S.W.3d 912, 915 n.2 (Tex. App.—Corpus Christi 2009, orig. proceeding); *Elec. Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 736–37 n.5 (Tex. App.—Dallas 1993, orig. proceeding); *J.K. & Susie L. Wadley Research & Inst. Blood Bank v. Whittington*, 843 S.W.2d 77, 86–87 n.9 (Tex. App.—Dallas 1992, orig. proceeding).  Accordingly, our review herein focuses on the trial court's denial of relators' motion to dismiss.

motions to dismiss on forum non conveniens grounds. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 676 (concluding that delay did not bar mandamus relief where relator did not take "any actions inconsistent with pressing its motion to dismiss" and nothing showed that relator "lacked interest in or did not intend to press its motion to dismiss" based on a forum selection clause). *Cf. Perry Homes v. Cull*, 258 S.W.3d 580, 584 (Tex. 2008) (stating that a party waives arbitration when it substantially invokes the litigation process and then switches to arbitration on "the eve of trial").[7]

Further, it is readily apparent that real parties in interest have shown a good faith and detrimental change in position because of the four-year delay and the associated costs of litigating the underlying case. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 676; *In re SCI Tex. Funeral Servs., Inc.*, 236 S.W.3d at 761; *In re Laibe Corp.*, 307 S.W.3d at 318. Based on the record presented, the parties have engaged in extensive discovery, including numerous depositions, and have substantively prepared this case for trial. In fact, more than four years ago in 2010, in the trial court's findings of fact in support of its denial of the motions to dismiss, it noted that "substantial discovery already has been completed (including written discovery and depositions on liability issues of both the Otto and [Oceanografia] corporate representatives)." Moreover, relators have sought

---

[7] We note that laches "is akin to, but distinct from, waiver." See 30A C.J.S. *Equity* § 139 (1992). As stated previously, to invoke the equitable doctrine of laches, the moving party ordinarily must show an unreasonable delay by the opposing party in asserting its rights, and also the moving party's good faith and detrimental change in position because of the delay. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989). In contrast, waiver occurs when a party substantially invokes the judicial process to the other party's detriment or prejudice. *See Kennedy Hodges, L.L.P. v. Gobellan*, No. 13-0321, 2014 WL 1998246, at *2 (Tex. May 16, 2014); *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008); *In re ADM Investor Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010) (orig. proceeding). Waiver is primarily a function of intent and requires either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 393–94 (Tex. 2014); *Perry Homes*, 258 S.W.3d at 602–03; *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006) (per curiam) (orig. proceeding); *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (per curiam).

dispositive merits-based relief from the trial court through filing a voluminous and extensive motion for summary judgment raising nine separate rationales why they allege judgment should be rendered in their favor. We conclude that the real parties have been prejudiced by the "inherent unfairness" caused by relators' attempt to "have it both ways" by switching between litigation and an alternative forum. *Cf. Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex. 2014) (examining prejudice in the waiver context regarding arbitration); *Perry Homes*, 258 S.W.3d at 597 (same).

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. Relators have not diligently pursued their rights to the good faith detriment and prejudice of the real parties in interest, and accordingly, their request for mandamus relief is denied. In so holding, we do not address the substantive merits of the issues pertaining to the trial court's forum non conveniens ruling. The petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a),(d).

GREGORY T. PERKES
Justice

Delivered and filed the 29th
day of August, 2014.

12