In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00271-CV**

_____

**IN RE VARILEASE FINANCE, INC., VFI-SPV VIII, Corp., REPUBLIC BANK, INC., VFI-SPV IX, CORP., VFI KR SPE I, LLC, AND SOMERSET CAPITAL GROUP, LTD**

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 15-12-12796**

**MEMORANDUM OPINION**

Relators Varilease Finance, Inc.; VFI-SPV VIII, Corp.; Republic Bank, Inc.; VFI-SPV IX, Corp.; VFI KR SPE I, LLC; and Somerset Capital Group, LTD filed a petition for writ of mandamus to compel the trial court to enforce a contractual forum-selection clause. We stayed further proceedings in the trial court and requested a response from the real party in interest, Energy Alloys, LLC ("Energy Alloys"). We conditionally grant mandamus relief.

1

According to Energy Alloys, it entered into a lease transaction with Varilease "to finance equipment and building materials essential to Energy Alloys' operations, including, but not limited to, industrial-sized racks and pans to house inventory, a 5-ton crane, and the foundation and building roof at Energy Alloys' Conroe Technology Center[.]" Energy Alloys sued relators in Montgomery County, Texas, contending that Varilease perpetrated a "fraudulent scheme . . . to deceive Energy Alloys into executing a multi-million-dollar equipment financing lease[.]" Energy Alloys also complained of Varilease's alleged repudiation of the terms actually negotiated and Varilease's alleged "breach of the lease by unilaterally seeking on its own and through its assignee VFI-SPV IX to convert over $200,000.00 from Energy Alloys' bank account." With respect to the clause at issue in this proceeding, Energy Alloys pleaded as follows:

> Varilease's representations that the venue selection clause could not be changed, and further to the extent that selection of another forum for venue of disputes was not in isolation from the assurances made by Varilease as to the purchase price, those representations were made with reckless disregard for the truth, and were relied upon by Energy Alloys to its detriment.

Energy Alloys sought to quiet title and asserted causes of action for fraudulent inducement, fraud, negligent misrepresentation, promissory estoppel, breach of contract, and breach of the implied duty of good faith and fair dealing. In addition, Energy Alloys asserted that the agreement was unconscionable, and

Energy Alloys sought declaratory and injunctive relief. Relators filed a motion to dismiss the case pursuant to the forum-selection clause, but the trial court signed an order denying the motion to dismiss. Relators then filed a petition for writ of mandamus.

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion when it fails to properly interpret or apply a forum-selection clause." *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding). Because an improper refusal to enforce a contractual forum-selection clause vitiates the right to a trial in the proper forum, mandamus relief is available to enforce a forum-selection clause. *Id*. "Forum-selection clauses are generally enforceable and presumptively valid." *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding). The burden of proof is heavy for the party challenging enforcement of a forum-selection clause. *Id*.

The portion of the agreement that pertains to this proceeding reads as follows:

> LESSEE AGREES TO SUBMIT TO THE JURISDICTION OF THE STATE AND/OR FEDERAL COURTS IN THE STATE OF MICHIGAN IN ALL MATTERS RELATING TO THE LEASE, THE EQUIPMENT, AND THE CONDUCT OF THE

3

RELATIONSHIP BETWEEN LESSOR AND LESSEE. THE PARTIES HERETO AGREE THAT IN THE EVENT OF AN ALLEGED BREACH OF THIS MASTER AGREEMENT OR ANY DOCUMENTS RELATING THERETO BY EITHER PARTY, OR ANY CONTROVERSIES ARISE BETWEEN THE PARTIES RELATING TO THIS MASTER AGREEMENT OR ANY DOCUMENTS RELATING THERETO, SUCH CONTROVERSIES SHALL BE TRIED BY A JUDGE ALONE BEFORE THE FEDERAL OR STATE COURTS IN OAKLAND COUNTY, MICHIGAN. THE PARTIES, HAVING HAD THE OPPORTUNITY TO CONSULT WITH INDEPENDENT COUNSEL OF THEIR OWN CHOOSING, HEREBY KNOWINGLY AND VOLUNTARILY CONSENT TO MICHIGAN JURISDICTION AS SET FORTH HEREIN AND WAIVE THEIR RIGHTS TO A TRIAL BY JURY IN ANY MATTER RELATING TO THIS MASTER AGREEMENT OR ANY DOCUMENTS RELATED THERETO.

Relators argue that the above language constitutes a mandatory forum-selection clause that encompasses the claims made by Energy Alloys. Energy Alloys maintains that the provision is permissive rather than mandatory, and the clause simply indicates that Energy Alloys agreed that "Michigan was *one* place that forum and venue could lie, and that the Parties agreed to a bench trial."

The Texas Supreme Court has adopted the federal courts' analysis of forum-selection clauses. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 793 (Tex. 2005). A mandatory forum-selection clause requires that all litigation be conducted in a specified forum. *UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 219 (5th Cir. 2009). For a forum-selection clause to be considered mandatory, the clause "must go beyond establishing that a particular

4

forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). Enforcement of forum-selection clauses is mandatory unless the opposing party "'clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (orig. proceeding) (quoting *In re AIU Ins. Co.*, 148 S.W.3d 109, 112 (Tex. 2004). A permissive forum-selection clause, which is sometimes described as a "'consent to jurisdiction'" clause, authorizes venue in a designated forum but does not prohibit litigation elsewhere. *LeBlanc v. C.R. England, Inc.*, 961 F. Supp.2d 819, 828 (N.D. Tex. 2013). "[F]raud may invalidate a forum-selection clause, but only if the inclusion of that clause, as opposed to the signing of the entire contract, was the product of fraud." *In re GreatAmerica Leasing Corp.*, 294 S.W.3d 912, 916 (Tex. App.—Corpus Christi 2009, orig. proceeding).

As we do in all contract cases, we construe the forum-selection clause according to its plain language. *See Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 615 (Tex. App.—Houston [1st Dist.] 2005, no pet.). In construing a contract, we must consider the instrument as a whole rather than give

5

controlling effect to a single provision. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003).

> If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. A contract, however, is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning. Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered.

*Coker v. Coker*, 650 S.W.2d 391, 393-94 (Tex. 1983) (citations omitted). When an instrument is ambiguous, courts construe the instrument against the drafter; however, that maxim only applies when, after the rules of interpretation have been applied, the agreement remains ambiguous. *Houston Pipe Line Co. v. Dwyer*, 374 S.W.2d 662, 665 (Tex. 1964); *Universal C.I.T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 157 (Tex. 1951).

As discussed above, the clause at issue stated, in pertinent part, that "THE PARTIES HERETO AGREE THAT IN THE EVENT . . . ANY CONTROVERSIES ARISE BETWEEN THE PARTIES RELATING TO THIS MASTER AGREEMENT OR ANY DOCUMENTS RELATING THERETO, SUCH CONTROVERSIES *SHALL* BE TRIED BY A JUDGE ALONE BEFORE THE FEDERAL OR STATE COURTS IN OAKLAND COUNTY, MICHIGAN." (emphasis added) When "shall" is used in contracts, it is generally mandatory and

6

operates to impose a duty. *Lesikar v. Moon*, 237 S.W.3d 361, 367 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Construing the plain language of this provision, as well as taking into account the generally mandatory nature of the word "shall," viewing the agreement as a whole, we conclude that the parties intended for the forum-selection clause to be mandatory, and the provision is not ambiguous after the rules of construction are applied. *See Smith v. Kenda Capital, LLC*, 451 S.W.3d 453, 455, 457 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding that a clause which stated that "'[t]he venue for any dispute . . . shall be any state or federal court of competent jurisdiction in Harris County, Texas'" constituted a mandatory forum-selection clause); *In re GreatAmerica Leasing Corp.*, 294 S.W.3d at 913, 916-17 (holding that the following constituted a mandatory forum-selection clause: "ANY CLAIM . . . WILL BE ADJUDICATED IN A STATE OR FEDERAL COURT LOCATED IN CEDAR RAPIDS, IOWA. YOU HEREBY CONSENT TO PERSONAL JURISDICTION AND VENUE IN SUCH COURT[.]"); *see also In Re Automated Collection Techs., Inc.*, 156 S.W.3d at 558-60; *Dwyer*, 374 S.W.2d at 665; *Daniel*, 243 S.W.2d at 157. Lastly, we conclude that the fraud allegations asserted by Energy Alloys in its second amended petition are directed toward the entire agreement rather than the inclusion of the clause itself. *See In re GreatAmerica Leasing Corp.*, 294 S.W.3d at 916.

7

Energy Alloys did not meet its burden of demonstrating that the forum-selection clause was invalid. *See In re Laibe Corp.*, 307 S.W.3d at 316. For all of these reasons, the trial court abused its discretion by denying relators' motion to dismiss the case pursuant to the forum-selection clause. We conditionally grant the petition for writ of mandamus and order the trial court to vacate its order denying relators' motion to dismiss and to sign an order granting relators' motion to dismiss. The writ will issue only if the trial court fails to do so.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on August 12, 2016
Opinion Delivered September 1, 2016

Before McKeithen, C.J., Kreger and Johnson, JJ.

8