**INTERNATIONAL AWARDS, INC., Relator,**

v.

**The Honorable Sam MEDINA, County Court at Law No. 1, Lubbock, Texas, Respondent.**

No. 07–95–0232–CV.

Court of Appeals of Texas, Amarillo.

June 22, 1995.

Akin, Gump, Strauss, Hauer & Feld, L.L.P., Laura M. Franze, Sandra K. Lauro, Dallas, for relator.

Ward, Freels & Cook, L.L.P., Gary A. Ward, John A. Didway, Lubbock, for real party in interest.

Before DODSON, BOYD and QUINN, JJ.

QUINN, Justice.

Pending for review is the motion of International Awards, Inc. (International) for leave to file a petition for writ of mandamus and request for temporary relief. International desires to secure mandamus directing the Honorable Sam Medina, Judge, County Court at Law No. 1, Lubbock County, to vacate its order severing a counterclaim for trial and prohibiting the deposition of a witness via any means other than telephonically. The motion is overruled for the following reasons.

## SEVERANCE

The record attached to the motion for leave discloses that Charles Mongrain (Mongrain) sued International for breach of contract. International answered, asserted various defenses and counterclaimed for damages arising from a purported breach of fiduciary duty. Pursuant to motion, the court ordered, on February 10, 1995, that the counterclaim involving breached fiduciary duty be severed. The severed matter was subsequently assigned cause number 92–577,165–B.

Rather than seek mandamus at that time, International moved the court, on March 23, 1995, to reconsider its February 10th decision. That motion, according to International, has yet to be formally acted upon. Moreover, trial of the severed counterclaim was set for the week of June 26, 1995.

█ Though the June 26th date was selected by the court on May 15, 1995, International postponed filing the current motion for mandamus relief until June 20, 1995. Why it waited more than four months from the date severance was ordered, and until the eve of trial, to petition for relief went unexplained.

Moreover, such a delay alone provides ample ground to deny leave to petition for mandamus relief. *Wadley Research Institute & Blood Bank v. Whittington,* 843 S.W.2d 77, 83 (Tex.App.—Dallas 1992, no writ); *Bailey v. Baker,* 696 S.W.2d 255, 256 (Tex.App.—Houston [14th Dist.] 1985, no writ). Yet, there is more.

■ The pending motion to reconsider deprives the severance order of sufficient finality to permit mandamus. Until the trial judge rules upon it, the appellate court cannot determine whether or not discretion was ultimately abused. *See Waddell v. Huckabee,* 807 S.W.2d 455, 458 (Tex.App.—Houston [1st Dist.] 1991), *aff'd.* 813 S.W.2d 503 (Tex. 1991) (holding that mandamus is an inappropriate means to review discovery matters currently pending and unresolved). Furthermore, International has not asked that the trial judge be directed to rule upon the motion to reconsider.

### DEPOSITION BY TELEPHONE

Next, mandamus is also sought to compel the lower court to vacate its prohibition against deposing Bailey Marshall via any means other than telephone. According to International, Mr. Marshall resides in the Austin, Texas area and, consequently, cannot be forced to appear at trial. Though his testimony was preserved via a telephone deposition on June 19, 1995, International proclaims that

> [a]s any good trial lawyer knows, much of the follow-up questioning that occurs in a truly effective deposition is the result of the attorney's assessment of the completeness and the credibility of the witness' responses. Over the telephone, this is at least difficult, if not impossible to discern.

By denying opportunity to question Marshall face-to-face, the relator suggests, it could not properly and fully develop the written record necessary for trial. Nor could it make effective use of the documents involved or prepare a record sufficient to assist the jury to assess credibility simply through a telephone deposition. As weighty as these arguments may be, they do not overcome the procedural and substantive defects appearing of record.

For instance, neither the discovery order at issue nor a transcription of the hearing from which it arose were appended to International's motion and petition. Thus, the relator failed to abide by Rule 121(a)(2)(C) and (a)(4) of the Texas Rules of Appellate Procedure. *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992) (holding that the party seeking relief has the burden to provide a sufficient record to establish his right to mandamus and by omitting the statement of facts of an evidentiary hearing he failed to meet that burden); *see Forscan Corp. v. Touchy,* 743 S.W.2d 722, 727 (Tex.App.—Houston [14th Dist.] 1987, no writ) (holding that mandamus requires certainty as to facts and pleadings which certainty is absent when the formal order in dispute is omitted from the record).

■ Next, and more importantly, only a *clear* abuse of discretion warrants relief. *Walker v. Packer,* 827 S.W.2d at 839–40. In determining whether such circumstance exists at bar, this court must consider various rules of procedure. The first, Rule 202(2), grants a trial judge authority to order telephonic depositions. *Tex.R.Civ.P.* 202(2). The second, Rule 166b(2) and (5), empowers him to limit or modify the avenues of discovery normally available to litigants. *Tex. R.Civ.P.* 166b(2) & (5)(a) and (b). And, the third, Rule 166b(5), enables him to undertake the first two to avoid undue burdens and expense. *Tex.R.Civ.P.* 166b(5). Together they allow, if not compel, the court to strike a balance between the needs of the case and parties, the amounts in dispute and the costs inherent in conducting discovery and preparing for trial.

Here, Mongrain, an alleged resident of Lubbock County, broached the matter of undue expense with the court. The latter, in turn, acknowledged the concern, according to International. Yet, International was entitled to prepare for the June 26th trial of its counterclaim. Nevertheless, the record disclosed that the total amount of damages sought from Mongrain approximated "at least $500.00 or a maximum amount of $700.00."

■ Thus, in perspective, International was demanding the right to conduct a video

deposition miles from the site of trial to prove a claim it valued at no more than $700. Common sense would suggest that the cost of travelling to Austin and capturing the deposition on video tape would equal, if not exceed, the total amount of damages International intended to recover at trial. Faced with this scenario, the trial judge's hands were not enchained against ameliorating the situation. In selecting the means to redress the problem, that is, in ordering a deposition by telephone, it implicitly struck a balance between the resources of at least one party and the demands of the case. Such did not begin to approach the standard, a *clear* abuse of discretion, warranting mandamus. *See Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 556 (Tex.1990) (refusing to consider mandamus when the court did not bar discovery). Judge Medina was not limited to but one indisputably correct avenue or decision, but rather was called upon to consider many factors and derive a suitable resolution. *See Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (holding that a clear abuse of discretion occurs when the dispute had but one reasonable answer and the court chose another).

Neither the record nor International's protestations support a conclusion that the trial judge acted sans reason or wisdom. Nor do either establish that he impermissibly deviated from the rules of procedure. Though this court may have opted for a different avenue matters not since that chosen below was a legitimate exercise of discretion. *Id.* at 840 (holding that the reviewing court cannot substitute its judgment for that of the respondent unless there has been a clear abuse of discretion).

Accordingly, the motion for leave to file a petition for mandamus is overruled.