**In re BEHRINGER HARVARD TIC MANAGEMENT SERVICES LP, Behringer Harvard Holdings, LLC, and Harvard Property Trust, LLC, Relators.**

No. 05–10–00624–CV.

Court of Appeals of Texas, Dallas.

July 21, 2010.

Bobby G. Pryor and Dana Glenn Bruce, Pryor & Bruce, Rockwall, TX, for Relator.

Kenneth W. Biermacher, Boyd A. Mouse and Kevin P. Perkins, Kane, Russell, Coleman & Logan P.C., Dallas, TX, for Real Party in Interest.

Before Justices MOSELEY, FRANCIS, and FILLMORE.

## OPINION

Opinion by Justice MOSELEY.

Relators filed this mandamus proceeding after the trial court entered an order appointing a special master to conduct an *in camera* review of certain documents. We conclude the trial court abused its discretion in appointing the special master and relators have no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

 In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding);

*Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker*, 827 S.W.2d at 840.

■ Under Rule 171 of the Texas Rules of Civil Procedure, "[t]he court may, in exceptional cases, for good cause appoint a master in chancery ... who shall perform all the duties required of him by the court, and shall be under orders of the court, and have such power as the master of chancery has in a court of equity." Tex.R. Civ. P. 171. However, a special master may not be appointed merely because "a case is complicated or time-consuming, or [because] the court is busy." *Simpson v. Canales*, 806 S.W.2d 802, 811 (Tex.1991) (orig. proceeding); *see also In re Bob Thompson Constr., Inc.*, No. 05–99–00359–CV, 1999 WL 236474, at *1 (Tex.App.-Dallas 1999, orig. proceeding) (granting mandamus when trial court's order recited that there was good cause to appoint master but failed to include finding that case was exceptional).

■ In this case, the trial court's order states that good cause exists to appoint a special master because of her trial schedule and the complexities of discovery in this case. The trial court did not, however, find that the case was exceptional. The reasons given by the trial court for appointment of the special master are exactly those that were disapproved in *Simpson* and *Bob Thompson*. Relators have thus met the first requirement necessary for mandamus relief. Further, relators have no adequate remedy at law if the document review is conducted by the special master rather than by the trial court. Relators have therefore met the second requirement to obtain mandamus relief.

Accordingly, we conditionally grant the relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate the portion of her May 17, 2010, "Amended Order Regarding the Behringer Harvard Parties' Appeal of Associate Judge's Decision and the Thomas Parties' Partial Appeal of Associate Judge's Decision" that appoints a special master.