**GRANT in Part and DENY in Part; Opinion Filed February 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01749-CV

### IN RE: PENDRAGON TRANSPORTATION LLC, Relator

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-01313-L**

## OPINION

Before Justices Moseley, Fillmore, and Brown
Opinion by Justice Brown

Relator Pendragon Transportation LLC filed this mandamus proceeding after the trial court signed an order appointing a special master for the purpose of attending depositions in this case to make rulings on any objections, assertions of privilege, and instructions not to answer questions. In its order, the court required Pendragon to pay the special master's fees in advance of each deposition, subject to reallocation later. Pendragon asserts both actions were an abuse of discretion. We conclude Pendragon has waived its complaint about the appointment of the special master due to its delay in filing its petition for writ of mandamus. We further conclude the trial court abused its discretion in ordering Pendragon to pay the special master's fees up front. Accordingly, we conditionally grant the writ of mandamus in part and deny it in part.

Pendragon sued six defendants for various causes of action, including breach of contract and misappropriation of trade secrets. In April 2013, after the deposition of Pendragon's corporate representative, Nicholas Massey, defendant Black Bull Towing LLC filed a "motion to

compel answers at deposition." Black Bull asserted that at the deposition, Pendragon's attorney instructed Massey not to answer basic questions as well as questions about a non-compete clause, which is the basis for Pendragon's lawsuit, and questions about any documents Massey brought to the deposition. Black Bull sought an order requiring Massey to answer the questions asked in the deposition. It is not clear whether the court ruled on this motion, but at some point, due to "the inability of Counsel to cooperate on basic matters," the court ordered depositions to take place at the courthouse so the court would be available to rule on objections.

On June 12, 2013, defendant Victor Huhem took Massey's deposition, both in his corporate capacity and in his individual capacity. The deposition took place in the court's jury room. At the start of the deposition of Massey in his corporate capacity, Pendragon's attorney indicated Massey would not return in the afternoon to participate in a deposition in his individual capacity because the subpoena was invalid. Stating that it would be a complete waste of time to have Massey come back another time, the court ruled that Massey would be deposed in both capacities.

Throughout the depositions, Pendragon's attorney frequently objected and sometimes instructed Massey not to answer questions on grounds they were irrelevant and "beyond the scope of discovery." On numerous times the trial court overruled Pendragon's objections and also ruled that certain areas of inquiry were discoverable and instructed Massey to answer.

On that same day, June 12, 2013, the trial court sua sponte appointed a special master for the limited purpose of attending future depositions to make "rulings on objections, assertions of privilege, and instructions not to answer questions." In its order, which set out many of the facts recounted above, the court stated that Pendragon's counsel did not have legitimate grounds for instructing the witness not to answer questions. The court also indicated the attorney's "form" objections were "wholly without merit." The court stated that it was apparent Pendragon's

counsel was "improperly trying to limit the flow of information at the deposition." The court further stated that "it appears manifest that all depositions in this case must be attended by a judicial officer who can make rulings at the depositions, or else the depositions will simply decay into chaos and not be able to proceed." The trial judge stated he could not be physically present at every deposition in this case. The court found that this was an exceptional case and that good cause existed to appoint a special master to attend the depositions.

On August 20, 2013, Pendragon filed a written objection to the appointment of the master. At a hearing on the objection on September 18, 2013, the trial court denied the objection. On December 27, 2013, just eleven days before trial, Pendragon filed its petition for writ of mandamus in this Court. (The trial has since been rescheduled for the end of May 2014.)

In its petition for writ of mandamus, Pendragon challenges the trial court's appointment of a special master. The appointment of special masters is governed by rule 171 of the Texas Rules of Civil Procedure. Rule 171 provides that the court may, in exceptional cases, for good cause appoint a master in chancery who shall perform all the duties required of him by the court. TEX. R. CIV. P. 171. A trial court abuses its discretion when it appoints a master without the parties' consent or without finding that the case is exceptional and good cause exists for the appointment. *Simpson v. Canales*, 806 S.W.2d 802, 811 (Tex. 1991) (orig. proceeding). Pendragon asserts that this is not an exceptional case and that there is not good cause for appointing a master.

A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled

by equitable principles. *Id.* One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding).

Pendragon filed its petition for writ of mandamus more than six months after the trial court appointed the special master. It waited over two months to ask the trial court to reconsider its order appointing the master and, after the trial court upheld its order, still waited another three-and-a-half months to file its petition with this Court. Significantly, Pendragon filed its petition less than two weeks before trial, a fact it omitted in its request for mandamus relief. It has offered no justification for its delay. Under these circumstances, we conclude Pendragon's delay bars its right to complain of the master's appointment. *See Rivercenter,* 858 S.W.2d at 367 (mandamus relief denied where relator waited over four months to seek mandamus without justification); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig. proceeding) (delay of four months and until eve of trial was ample grounds for denying mandamus relief); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (denying leave to file petition for writ of mandamus where there was almost four-month delay, no explanation for delay, and relator waited two weeks prior to trial). [1]

Pendragon also challenges that portion of the trial court's order requiring it to pay the master's fees before they accrued. The court's order states the following regarding the master's fees:

---

[1] Because we have determined that Pendragon may not complain about the appointment of the special master, we do not reach the issue of whether it was proper for the trial court to appoint a special master to attend and rule on objections during depositions. We do note, however, the "exceptional case" standard for appointment of a special master is an extremely high one. *See, e.g., Simpson*, 806 S.W.2d at 812 (toxic tort action against eighteen defendants, several cross-actions, and eight discovery motions requiring hearings in first ten months was not an exceptional case and thus, no good cause existed for appointing special master to oversee discovery); *In re Behringer Harvard TIC Mgmt. Servs. LP,* 316 S.W.3d 831, 831 (Tex. App.—Dallas 2010, orig. proceeding) (court abused its discretion in appointing master to conduct *in camera* review of certain documents because of trial schedule and complexities of discovery in case); *Owens-Corning Fiberglas Corp. v. Caldwell*, 830 S.W.2d 622, 626-27 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding) (case involving five defendants, seven requests for production, one set of interrogatories served on all defendants, and two motions to compel requiring two hearings was not exceptional).

The Master in Chancery's reasonable and necessary fees (not to exceed the rate of $225.00 per hour) shall be taxed as costs of court. As an initial matter, Plaintiff shall be responsible for paying the Master in Chancery's fees as they are incurred (payable in the form of retainers in an amount of no less than $1,000.00, at least 3 days in advance before each deposition), subject to reallocation at a later date, depending on, *inter alia*, who is the prevailing party in the suit.

The only basis for requiring a party to give security for costs before final judgment is Texas Rule of Civil Procedure 143. *TransAmerican Natural Gas Corp. v. Mancias,* 877 S.W.2d 840, 844 (Tex. App.—Corpus Christi 1994, orig. proceeding [leave denied]). Rule 143 provides that a party seeking affirmative relief may be ruled to give security for costs at any time before final judgment, upon motion of any party, or any officer of the court interested in the costs accruing in such suit, or by the court upon its own motion. TEX. R. CIV. P. 143. Rule 143 does not authorize the court to fix bond in a specific amount; it must be open-ended. *Dilmore v. Russell*, 519 S.W.2d 278, 279 (Tex. Civ. App.—Dallas 1975, no writ); *Mosher v. Tunnell*, 400 S.W.2d 402, 404 (Tex. Civ. App.—Houston 1966, writ ref'd n.r.e.); *see also* TEX. R. CIV. P. 146 (court can also require deposit for court costs but only in amount sufficient to pay accrued costs). Requiring a party to pay for a master's services before the master's fees have actually accrued is an abuse of discretion because it improperly requires a party to post security for anticipated costs before final judgment in violation of rule 143. *TransAmerican*, 877 S.W.2d at 844. Here, we conclude the trial court's order requiring the master's fees to be paid in advance was a clear abuse of discretion for which there is no adequate remedy by appeal. *See id.* Because the trial court's order regarding fees was clearly in direct contravention of the rules of civil procedure, Pendragon's delay in filing its petition does not bar its right to relief on this issue.

In accordance with this opinion, we conditionally grant Pendragon's writ of mandamus in part. A writ will issue only in the event the trial court fails to vacate the portion of its June 12, 2013 order requiring Pendragon to pay the special master's fees before they accrue. We deny Pendragon's writ of mandamus in all other respects.

/Ada Brown/
ADA BROWN
JUSTICE

131749F.P05