

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00420-CV

IN RE JOSHUA EPPS, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

December 31, 2014

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is relator's petition for writ of mandamus. Relator requests that this court issue a writ of mandamus "directing the Honorable Jim Bob Darnell to vacate his order of February 18, 2014 in Cause 2013-508,395. . . [and, in the alternative] the Court should . . . direct the district court to rule on the pending motions in Cause 2013-508,395, promptly set this matter for trial, and grant the other relief sought herein." Through two issues, relator contends that the trial court 1) abused its discretion in entering the interlocutory order granting a bill of review and 2) failed to perform the ministerial act of ruling on motions and setting the cause for trial. For the following reasons, we deny the petition.

### Background

On April 29, 2013, real party-in-interest, Melissa Jimenez (Jimenez) had her parental rights terminated to the minor child, R.S.E., per her affidavit relinquishing her interest in the child. Via a separate proceeding, Adoption Covenant (an adoption agency) unsuccessfully sought to terminate Epp's parental rights to the child. Thereafter, the trial court appointed Epps as sole managing conservator on July 15, 2013, via a third and independent proceeding that he commenced. Adoption Covenant had served as the child's managing conservator until that time.

On September 4, 2013, Jimenez filed an original petition for bill of review requesting that the judgment or final order in the termination proceeding be set aside. Adoption Covenant initially opposed the petition but then filed its own "counter-petition" for bill of review also requesting that the decree be nullified. The trial court, via written order, denied the bill of Jimenez but granted that of Covenant on February 18, 2014. That is, it specified that: "[t]he relief for a Bill of Review as requested by the Counter-Petitioner ADOPTION COVENANT be GRANTED and that the April 29, 2013 *Order of Termination* be set aside and that a new trial be granted." (Emphasis in original). The order made no mention of Epps' conservatorship. Subsequently, Adoption Covenant non-suited its case against Jimenez.

On March 12, 2014, Jimenez petitioned to modify the parent-child relationship, and the trial court heard the same on September 16th and 17th of 2014. Thereafter, it orally pronounced temporary orders through which Jimenez was granted visitation to the child beginning on September 19, 2014. So too was she appointed joint managing conservator of the child and given the exclusive right to make educational decisions for

the child over whom she had previously relinquished her parental rights. The temporary orders were memorialized in written form on October 17, 2014. In October of 2014, Epps petitioned for a writ of mandamus seeking to have the temporary orders vacated. We denied the petition. On December 5, 2014, he filed the pending request for mandamus relief challenging the February 18th order granting the bill of review.

### Analysis

#### Issue One—Bill of Review

For purposes of this matter, we assume *arguendo* that mandamus lies to review a bill of review. *Compare In re National Unity Ins. Co*, 963 S.W.2d 876, 877 (Tex. App.—San Antonio 1998, orig. proceeding) (stating that "[a]n erroneously granted bill of review is effectively a void order granting a new trial and is an abuse of discretion that affords no adequate remedy at law") *with Texas Mex. R. Co. v. Hunter*, 726 S.W.2d 616, 618 (Tex. App.—Corpus Christi 1987, orig. proceeding) (stating that the remedy is by "appeal from the entire reinstated cause, when that judgment becomes appealable"). We next reiterate that the act or event spawning Epp's current petition (i.e., the February 2014 order granting the bill of review) was the same as that from which arose his complaints encompassed by his October 2014 entreaty to this court.[1] Given this, one could logically conclude that the grounds urged in his current pleading were available when he filed his prior petition. Yet, he waited approximately ten months from the execution of the order in question to file his second petition attacking its legitimacy.

A writ of mandamus is an extraordinary remedy issuing at the discretion of the court. *Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367 (Tex. 2009) (orig.

---

[1] The October petition involved the issuance of temporary orders due to the granting of the bill of review.

proceeding); *In re Pendragon Trans. LLC*, 423 S.W.3d 537, 540 (Tex. App.—Dallas 2014) (orig. proceeding). Though not an equitable remedy, its issuance nevertheless is largely controlled by equitable principles. *In re Pendragon Trans. LLC,* 423 S.W.3d at 540. One such principle dictates that equity aids the diligent, not those who sleep on their rights. *Id.* Indeed, unjustified delay in seeking such relief may result in its loss. *Id.* As noted in *In re Int'l Profit Assocs.*, the passing of four months may constitute such a fatal delay. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009 (orig. proceeding), *citing Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366 (Tex. 1993) (orig. proceeding); *see also International Awards v. Medina,* 900 S.W.2d 934, 935-36 (Tex. App.—Amarillo 1995) (orig. proceeding) (holding similarly). The ten-month delay at bar far exceeds the four-month period mentioned in *Rivercenter* and *International Awards*. Moreover, we were not provided with an explanation as to why it occurred or why the grounds now urged against allowing the February 2014 order to stand were omitted from Epp's first petition for a writ of mandamus. Consequently, we hold that he waived his opportunity to review that order via mandamus.

*Issue Two—Motions and Setting the Matter for Trial*

Epps also contends that "mandamus relief is warranted in order to compel the district court to take timely action in Cause 2013-508,395, by ruling on motions and setting the case for jury trial." Allegedly, he "(1) filed objections to the February 18 order, (2) filed a motion to clarify the order or alternative motion for new trial, and (3) requested a jury trial, but the district court has taken no action on any of these requests."

4

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court, and mandamus may issue to compel the judge to act. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (*citing O'Donniley v. Golden* , 860 S.W.2d 267, 269-70 (Tex. App.—Tyler 1993, orig. proceeding). However, the trial court is afforded a reasonable time in which to perform this ministerial duty. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). To establish entitlement to mandamus relief for a trial court's failure to act, the relator must establish that the trial court had a legal duty to perform a non-discretionary act, was asked to perform the act, and failed or refused to do so within a reasonable time. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Epps fails to direct us to where he brought the motions in question to the attention of the trial court or otherwise notified the trial court of the need to rule upon them. It is not enough to simply file them with the district clerk, for the knowledge of the latter is not imputed to the trial judge. *Id.* And, unless it is shown that the trial court was made aware of the need to act, we cannot say it failed to act. And, the latter is a condition to obtaining relief via mandamus. *In re Smith*, 279 S.W.3d 714, 715-16 (Tex. App.—Amarillo 2007, orig. proceeding).

And even if we were to assume *arguendo* that the motion was brought to the attention of the district court, the latter nevertheless has a reasonable time to act upon it. *Ex parte Bates*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding). And, whether such a period lapsed is dependent upon the circumstances of each case. *Id.* In other words, no bright line demarcates the boundaries of a

reasonable time period. *Id.* Many indicia are influential, not the least of which are 1) the trial court's actual knowledge of the motion, 2) its overt refusal to act on same, 3) the state of the court's docket, and 4) the existence of other judicial and administrative matters which must be addressed first. *Id.* at 135. So too must the trial court's inherent power to control its own docket be included in the mix. *Id.*; *see also Ho v. University of Texas at Arlington,* 984 S.W.2d 672, 693-94 (Tex. App.—Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). And, since the latter power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.—Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering with its exercise without legitimate basis.

We finally note the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same, *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *Ex parte Bates,* 65 S.W.3d at 135. So, Epps had the obligation to provide us with a record establishing that a properly filed motion has awaited disposition for an unreasonable length of time. But, he has not done that. Instead, the record merely illustrates that his motion was filed on September 16, 2014. And, because we do not hold that the district court's failure to act within three months upon a motion about which it may have no knowledge constitutes unreasonable delay *per se*, Epps again has not satisfied his burden of proof.

As for the matter of convening trial, that said about acting upon a motion applies with equal force to setting a matter for trial. A trial court generally has a reasonable time to do so, and what is reasonable is not determined by what a party desiring a trial date considers reasonable. Again, such circumstances as the state of the court's docket, the

6

existence of other judicial and administrative matters which take precedence, and its inherent power to control its own docket should be included in the mix. Epps provided us with no evidence illustrating the status of the trial court's docket, the number of cases that pend on it, or the number if any that take precedence of the parent/child dispute that pends for adjudication. Nor can we say that failing to try a cause within ten months is unreasonable *per se*. So, it was incumbent upon Epps to establish the requisite indicia upon which we could say the delay was excessive, and he did not.

However, to the extent the record indicates that the trial court at bar has not convened a trial because it believes that granting the bill of review constituted a final judgment, it is mistaken. The order entered by the trial court declared that: "The relief for a Bill of Review as requested by the Counter-Petitioner ADOPTION COVENANT be GRANTED and that the April 29, 2013 *Order of Termination* be set aside and that *a new trial* [emphasis added] be granted." By the trial court setting aside the judgment and granting a *new trial*, it did not finally adjudicate the merits of the underlying dispute; they remain pending for final disposition. *See Hoa v. Dang*, No. 01-13-00938-CV, 2014 Tex. App. LEXIS 1049, at *2 (Tex. App.—Houston [1st Dist.] January 30, 2014, pet. denied) (mem. op.) (holding that because the order granting the bill of review did not dispose of the merits but rather granted a new trial, it is not final but interlocutory); *see also Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006) (stating that a bill of review that sets aside a prior judgment without disposing of all the issues of the case on the merits is interlocutory and not a final judgment). Other actions may have arisen since the bill of

review was granted that finalized the proceeding, but the February 2014 order itself did not end it.[2]

For the reasons stated above, we deny the current petition for a writ of mandamus. The clerk of this court is directed to serve a copy of this opinion and accompanying judgment on each party, their counsel of record, and the trial court via a method establishing its receipt.

Brian Quinn
Chief Justice

---

[2] Indeed, the record indicates that Adoption Covenant non-suited its effort to terminate the parental rights of Jimenez after the trial court ordered a new trial (via bill of review) in the cause. Epps was not a party to that action. So too did Adoption Covenant and Jimenez file notices of non-suit against Epps in the bill of review proceeding. We opt not to address whether anything remains pending given those efforts at non-suit. However, temporary orders in favor of Jimenez were entered by the trial court on October 17, 2014, in the cause non-suited by Adoption Covenant. In executing them, the trial court stated that "[t]hese Temporary Orders shall continue in force *until the signing of the final order or until further order* of this Court." (Emphasis added). That verbiage certainly suggests that something remains pending for final adjudication. It may be in the best interests of the child involved for the parents and trial court to meet and discuss what, if anything, that something is.