**Deny and Opinion Filed May 28, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00672-CV

### IN RE CHRISTI STEMBRIDGE, Relator

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-15373**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Fillmore, and Evans
Opinion by Justice Lang-Miers

Relator Christi Stembridge filed this May 27, 2015 petition for writ of mandamus and request for stay asking this Court to stay further proceedings in the trial court pending action on the merits of her petition and to conditionally grant a writ of mandamus directing the trial court to "explain with reasonable specificity why it has set aside [the] jury verdict and granted a new trial."

A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *In re Pendragon Transp., LLC*, 423 S.W.3d 537, 540 (Tex. App—Dallas, 2014, orig. proceeding) (*citing Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding)). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *In re Pendragon*, 423 S.W.3d at 540. One such principle is

that "equity aids the diligent and not those who slumber on their rights." *Id*. Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay. *Id*. (citing *In re Int'l Profit Assocs., Inc*., 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding)).

Here, relator complains about the trial court's June 6, 2014 order granting real party in interest's motion for new trial. And, relator asks this Court to stay the new trial set for June 8, 2015 while considering the merits of relator's petition. Relator does not offer any reason for the almost one year delay in seeking mandamus relief. Nor does relator provide any explanation for waiting to file her petition until less than two weeks before the new trial is set.

Under these circumstances, we conclude relator's delay bars her right to mandamus relief. *See Rivercenter*, 858 S.W.2d at 367 (mandamus relief denied where relator waited over four months to seek mandamus without justification); *In re Pendragon.,* 423 S.W.3d at 540 (mandamus relief denied with respect to appointment of special master because of six-month delay with no explanation in seeking mandamus relief); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig. proceeding) (delay of four months and until eve of trial was ample grounds for denying mandamus relief); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App—Houston [14th Dist.] 1985, orig. proceeding) (denying leave to file petition for writ of mandamus where there was almost four-month delay, no explanation for delay, and relator waited until two weeks prior to trial).

We deny relator's petition for writ of mandamus.


150672F.P05

/Elizabeth Lang-Miers/
_____
ELIZABETH LANG-MIERS
JUSTICE

–2–