**DENY; and Opinion Filed August 10, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00920-CV

## IN RE BEAULY, LLC, Relator

**Original Proceeding Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-14-04780-A**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Bridges, and Justice Stoddart
Opinion by Chief Justice Wright

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to vacate its November 11, 2014 order abating this suit pending determination of a related suit filed and to proceed to trial on the merits. On April 14, 2015, the trial court orally denied relator's motion to dissolve the order of abatement.

A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *In re Pendragon Transp., LLC,* 423 S.W.3d 537, 540 (Tex. App–Dallas, 2014, orig. proceeding) (*citing Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding)). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *In re Pendragon,* 423 S.W.3d at 540. One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* Thus, delaying the

filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay. *Id.* (citing *In re Int'l Profit Assocs., Inc.,* 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding)).

Here relator seeks relief from the trial court's November 14, 2014 order on the plea in abatement. Relator does not offer any reason for the almost nine month delay in seeking mandamus relief from the order of which it now complains. Even the trial court's oral order refusing to dissolve the order of abatement was made over three and a half months before relator filed its petition.

Under these circumstances, we conclude relator is barred from seeking mandamus relief. *See Rivercenter,* 858 S.W.2d at 367 (mandamus relief denied where relator waited over four months to seek mandamus without justification); *In re Pendragon.,* 423 S.W.3d at 540 (mandamus relief denied with respect to appointment of special master because of six-month delay with no explanation in seeking mandamus relief); *Int'l Awards, Inc. v. Medina,* 900 S.W.2d 934, 936 (Tex. App.–Amarillo 1995, orig. proceeding) (delay of four months and until eve of trial was ample grounds for denying mandamus relief); *Bailey v. Baker,* 696 S.W.2d 255, 256 (Tex. App–Houston [14th Dist.] 1985, orig. proceeding) (denying leave to file petition for writ of mandamus where there was almost four-month delay, no explanation for delay, and relator waited until two weeks prior to trial).

We deny the petition.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

150920F.P05

–2–