

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00311-CV

**IN RE** Francisco **MANON** and Unwrapping Flavors, LLC.

Original Mandamus Proceeding[1]

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:   June 13, 2018

**PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED**

Relators assert the trial court erred by denying their motion to designate Jose Sandoval as a responsible third party. Because we conclude the trial court erred by not allowing relators the opportunity to replead, we conditionally grant the petition for writ of mandamus.

## BACKGROUND

Mario Cantu, the plaintiff below and real party in interest here, owns a company that provided cleaning services to San Antonio area branches of the San Antonio Federal Credit Union ("SACU"). SACU's property manager, relator Francisco Manon, organized an open bid process to obtain a new cleaning service. Following the open bid process, SACU terminated the services of plaintiff's company. Plaintiff later sued relators and SACU, alleging breach of contract, tortious

---

[1] This proceeding arises out of Cause No. 2016-CI-21715, styled *Mario Cantu v. San Antonio Federal Credit Union; Francisco Manon; and Unwrapping Flavors, LLC*, pending in the 73rd Judicial District Court, Bexar County, Texas. The Honorable Michael E. Mery signed the order at issue in this proceeding.

interference with the SACU contract, and tortious interference with plaintiff's contractors. One of plaintiff's allegations was that

> 4.10. It was then revealed to [plaintiff] that SACU had been planning to breach [plaintiff's] contract for some time. Specifically; SACU allegedly sent out RFPs [Requests for Proposal] to various janitorial companies. Moreover, SACU — through Francisco Manon — approached Jose Sandoval, [plaintiff's] chief independent contractor, and encouraged him to submit a bid to be considered as [plaintiff's] replacement. SACU did not advise [plaintiff] of these machinations.

Trial in the matter was initially set for April 9, 2018. Relators filed their motion for leave to designate ("motion to designate") Jose Sandoval as a responsible third party on February 8, 2018. Nothing was attached to the motion; however, the motion pled numerous factual allegations and quoted extensively from Sandoval's deposition. Also on February 8, 2018, SACU filed a joinder to the motion to designate. The next day, relators filed a supplement to their motion, attached to which were copies of plaintiff's second amended petition with exhibits, the "Notice of Termination" SACU sent to plaintiff, deposition excerpts of Sandoval, and an October 24, 2017 Notice setting trial for April 9, 2018. On April 16, trial was reset to May 21, 2018.

Plaintiff objected to relators' motion to designate on the grounds that (1) the motion failed to plead sufficient facts concerning Sandoval's alleged responsibility and (2) the motion was not timely filed. Plaintiff also objected to SACU's motion on the same grounds.

A hearing on the motion to designate was held on April 2, 2018. Relators informed this court there is no transcript from the hearing. The trial court signed its order denying relators' motion to designate Sandoval as a responsible third party on May 1, 2018. Relators filed their petition for writ of mandamus and a motion asking this court to stay the May 21 trial setting. Plaintiff filed a response. This court stayed the trial pending resolution of this mandamus proceeding.

## PREREQUISISTES TO MANDAMUS RELIEF

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam).

## WAIVER OF RIGHT TO MANDAMUS

As a preliminary matter, plaintiff asserts relators waived their right to seek mandamus relief by "waiting until the last minute to file" their petition for writ of mandamus.

Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles, including the principle that equity aids the diligent and not those who slumber on their rights. *Id.* To invoke the equitable doctrine of laches, the moving party ordinarily must show (1) unreasonable delay; and (2) a good faith and detrimental change in position because of the delay. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding) (per curiam). Furthermore, delay alone may provide ample ground to deny mandamus relief unless relator can justify the delay. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam); *In re Pendragon Transp. LLC*, 423 S.W.3d 537, 540 (Tex. App.—Dallas, orig. proceeding); *Int'l Awards, Inc.*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig.

proceeding); *see also In re Primo*, Nos. 14-17-00034-CV & 14-17-00035-CV, 2017 WL 506815, *1 (Tex. App.—Houston [14th Dist.] Feb. 7, 2017, orig. proceeding) (mem. op.); *In re Farmers Tex. Cty. Mut. Ins.*, 13-16-00098-CV, 2016 WL 1211314, *1 (Tex. App.—Corpus Christi-Edinburg Mar. 28, 2016, orig. proceeding) (mem. op.). In considering the issue of delay, we also examine the period of time that elapses between the issuance of the adverse ruling and the inception of the original proceeding.

Relators filed their motion to designate on February 8, 2018, sixty days before the April 9, 2018 trial setting. Relators set their motion for hearing on April 2, 2018. Plaintiff contends the trial court denied relators' motion to designate on the date of the hearing; however, no record was taken from the hearing. In this regard, we do not have an oral ruling from the bench that is clear, specific, enforceable, and adequately shown by the record. *See* Tex. R. App. P. 52.3(k)(1)(A) (appendix must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"); *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding) (an oral ruling may be reviewed by mandamus when it is a clear, specific, enforceable order that is adequately shown by the record).

On the other hand, the mandamus record does contain the trial court's written order denying relators' motion to designate, and it was signed on May 1, 2018. Relators filed their petition for writ of mandamus seven days later. We cannot conclude, on this record, that relators waived their right to seek mandamus relief by unreasonably delaying filing their petition for writ of mandamus. Accordingly, we next address whether relators timely-filed their motion to designate.

## TIMELINESS OF RELATORS' MOTION

The Texas proportionate responsibility statute provides a framework for apportioning percentages of responsibility in the calculation of damages in any cause of action based on tort in which more than one person or entity, including the plaintiff, is alleged to have caused or

contributed to causing the harm for which the recovery of damages is sought. TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.002(a)(1), 33.003 (West 2015). A responsible third party ("RTP") is defined, in relevant part, as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought . . . by negligent act or omission." *Id.* § 33.011(6). A defendant may designate a person as a RTP by filing a motion for leave with the trial court. *Id.* § 33.004(a). Unless another party files an objection to the motion for leave, the trial court must grant leave to designate the named party. *Id.* § 33.004(f). The motion to designate must be filed "on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." *Id.* § 33.004(a).

Here, on or before the 60th day before the initial April 9, 2018 trial setting was February 8—the day relators filed their motion to designate without exhibits. In his objection to the motion, plaintiff alleged the February 8 motion was not timely-filed because it was "incomplete" when filed. Plaintiff concluded that because the supplement to the motion to designate was filed less than sixty days before trial, the February 8 motion was not timely and should be denied. Although plaintiff does not elaborate on this argument, we believe his argument is that timeliness is determined based on the filing of a motion to which evidence is attached, and it is not sufficient to merely file a motion with no evidence. Relators responded that their February 8 motion was timely because there is no requirement that a movant attach evidence to a motion to designate.

"The pleading requirements for designating a responsible third party at the outset of a case are not stringent." *In re Greyhound Lines, Inc.*, 05-13-01646-CV, 2014 WL 1022329, at *2 (Tex. App.—Dallas Feb. 21, 2014, orig. proceeding) (mem. op.). At the pleading stage, the proportionate responsibility statute requires the movant seeking to designate a RTP to "plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004(g).

The standard for designating a potentially responsible third party is notice pleading under the Texas Rules of Civil Procedure. *Greyhound Lines*, 2014 WL 1022329, at \*2. Texas follows a "fair notice" standard for pleadings. *In re Lewis Casing Crews, Inc.*, 11-14-00137-CV, 2014 WL 3398170, at \*2 (Tex. App.—Eastland July 10, 2014, orig. proceeding) (mem. op.). This standard is satisfied if the opposing party can ascertain from the pleading the nature, the basic issues, and the type of evidence that might be relevant to the controversy. *Greyhound Lines*, 2014 WL 1022329, at \*2; *Lewis Casing Crews*, 2014 WL 3398170, at \*2. A petition is sufficient if a cause of action or defense may be reasonably inferred from what is specifically stated. *Id.* Here, plaintiff does not contend the February 8 motion to designate did not provide him with "fair notice."

Furthermore, "the plain language of section 33.003 makes clear that, in determining whether to grant relators' motion for leave to designate . . . a responsible third party, the trial court [is] restricted to evaluating the sufficiency of the facts pleaded by relators and [is] not permitted to engage in an analysis of the truth of the allegations or consider evidence on [the third party's] ultimate liability." *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 62 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *see also Greyhound Lines*, 2014 WL 1022329, at \*2; *Lewis Casing Crews*, 2014 WL 3398170, at \*2.

Because relators were required to only provide "fair notice" and because the trial court was restricted to evaluating the sufficiency of the facts *pleaded* by relators in determining whether to grant relators' motion to designate, we hold relators were not required to attach evidence to their February 8 motion and, therefore, the February 8 motion to designate was timely-filed. We, therefore, next address plaintiff's substantive objections to the motion to designate.

**OPPORTUNITY TO REPLEAD**

As the party objecting to relators' motion to designate, plaintiff bore the burden to establish two elements:

(1) the [relators] did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

(2) after having been granted leave to replead, the [relators] failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. CODE § 33.004(g).

In his objection to relators' motion to designate, plaintiff alleged relators failed to plead sufficient facts concerning Sandoval's alleged responsibility to satisfy the pleading requirement of the Texas Rules of Civil Procedure. In their petition for writ of mandamus, relators assert that, even if they failed to plead sufficient facts, the trial court abused its discretion by denying their motion to designate without providing them with the opportunity to replead.

Even if plaintiff carried his burden to show relators failed to plead sufficient facts, plaintiff had the additional burden to establish that "after having been granted leave to replead, [relators] failed to plead sufficient facts concerning the alleged responsibility of [Sandoval] to satisfy the pleading requirements of the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004(g)(2). Plaintiff's objection to the trial court made no mention of this requirement.

Instead, for the first time in his response to the petition for writ of mandamus, plaintiff contends relators could have submitted a "repled" motion before the trial court signed its order. However, relators did not bear the burden of seeking leave to replead. *In re Smith*, 366 S.W.3d 282, 288 (Tex. App.—Dallas 2012, orig. proceeding). The trial court was statutorily required to give relators an opportunity to replead before denying their motion, regardless of whether relators specifically asked for an opportunity to replead. *Id.* In *In re Coppola*, the Texas Supreme Court cited with approval to *Smith*, and concluded it "need not determine whether the [movant] pleaded sufficient facts regarding the [third party's] alleged responsibility, because even if a deficiency existed, the trial court lacked discretion to deny the motion to designate without affording them an

opportunity to replead." 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding) (per curiam). Plaintiff also contends any pleading defect could not be cured by repleading. However, "section 33.004 does not contain a futility exception to its rule that the movant must be given an opportunity to replead." *Smith*, 366 S.W.3d at 286.

Here, there is no indication plaintiff satisfied his burden to show that "after having been granted leave to replead, [relators] failed to plead sufficient facts concerning the alleged responsibility of [Sandoval] to satisfy the pleading requirements of the Texas Rules of Civil Procedure." Therefore, we conclude the trial court erred by not allowing relators the opportunity to replead.

## ADEQUATE REMEDY AT LAW

In addition to showing the trial court erred, relators also bore the burden to show they have no adequate remedy at law. In *Coppola*, the Texas Supreme Court addressed the adequacy of an appellate remedy for the first time in the context of a section 33.004 RTP designation. Similar to our case, in *Coppola*, the trial court had denied the motion to designate without granting leave to replead.

The *Coppola* Court first quoted its opinion in *In re Prudential Insurance Co. of America*, and explained "that 'adequate' is merely 'a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts' and an 'adequate' appellate remedy exists when 'any benefits to mandamus review are outweighed by the detriments.'" *Coppola*, 535 S.W.3d at 509 (citation omitted). Regarding the denial of a section 33.004 RTP designation, the *Coppola* Court concluded that "[i]n weighing the benefits of mandamus review, . . . the benefits generally outweigh the detriments." *Id.* The Court reached this conclusion based on its determination that allowing a case to proceed to trial despite the erroneous denial of a RTP designation "'would skew the proceedings,

potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record.'" *Id.* (citation omitted). "The denial of mandamus review [of a trial court's denial of a RTP designation] impairs—and potentially denies—a litigant's significant and substantive right to allow the fact finder to determine the proportionate responsibility of all responsible parties." *Id.*; *see also In re CVR Energy, Inc.*, 500 S.W.3d 67, 84 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("The denial of [relator's] right to allow the jury to determine the proportionate responsibility of all responsible parties is a significant ruling and mandamus review will prevent the impairment or loss of this substantive right.").

Accordingly, the *Coppola* Court held that, "ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed section 33.004(a) motion." *Coppola*, 535 S.W.3d at 510. Because we have already concluded relators established the trial court abused its discretion by denying the motion to designate without providing relators the opportunity to replead, mandamus relief is appropriate. *See id.*

## SANCTIONS

Finally, plaintiff contends relators' motion to designate provided a "grossly inaccurate characterization of the lawsuit," and by repeating the same "misleading description" in their petition for writ of mandamus, relators demonstrate bad faith. Plaintiff asserts that waiting until the last minute to file a petition that misleads this court shows relators' petition was brought solely to delay the underlying proceeding. Plaintiff requests sanctions pursuant to Texas Rule of Appellate Procedure 52.11, which provides as follows:

> On motion of any party or on its own initiative, the court may—after notice and a reasonable opportunity to respond—impose just sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:

> (a) filing a petition that is clearly groundless;
> (b) *bringing the petition solely for delay of an underlying proceeding*;
> (c) grossly misstating or omitting an obviously important and material fact in the petition or response; or
> (d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.

TEX. R. APP. P. 52.11 (emphasis added).

Based on our determination that relators did not delay filing their petition and our conclusion that relators have a statutory right to replead, we deny plaintiff's request for sanctions.

**CONCLUSION**

For the reasons stated above, we conditionally grant the petition for writ of mandamus and direct the trial court to (1) vacate its order denying relators' motion for leave to designate Jose Sandoval as a responsible third party and (2) render a new order either granting relators leave to replead facts supporting the designation or granting the motion for leave to designate.

Patricia O. Alvarez, Justice