**DENY; and Opinion Filed July 24, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00832-CV

## IN RE SOUTHWEST LABORATORIES, LLC; INTUIT DIAGNOSTIC LABORATORY MANAGEMENT, LLC; B.M. MEDICAL MANAGEMENT SERVICE, LLC; STRATEGIC ANCILLARY SERVICES, LLC; AND MUNEAR ASHTON KOUZBARI, Relators

### Original Proceeding from the 162nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-16-12748

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Fillmore

In this original proceeding, relators complain of two discovery orders: a January 5, 2018 order granting a motion to show cause and a February 5, 2018 order on a forensic examination protocol. A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Id.* One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay. *In re Int'l Profit Assocs., Inc.*, 274

S.W.3d 672, 676 (Tex. 2009) (orig. proceeding). A delay of only a few months can constitute laches and result in denial of mandamus relief. *See Rivera*, 858 S.W.2d at 366 (four months); *In re Pendragon Transp. LLC*, 423 S.W.3d 537, 540 (Tex. App.—Dallas 2014, orig. proceeding) (six month delay and filed less than two weeks before trial); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig. proceeding) (delay of four months and until eve of trial); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, no writ) (four months); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (four-month delay, no explanation for delay, and filed two weeks prior to trial).

Here, relators waited more than five months to seek mandamus relief and offer no explanation for the delay. We conclude that relators' unexplained delay bars their right to complain of the discovery orders through a petition for writ of mandamus. In addition, based on the record before us, we conclude relators have not shown an abuse of discretion. Accordingly, we deny relators' petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).


/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE


180832F.P05