**DENY; Opinion Filed January 14, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-20-00028-CV**

### IN RE DRYDEN COMPANY, Relator

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-04714**

## MEMORANDUM OPINION

Before Justices Schenck, Partida-Kipness, and Nowell
Opinion by Justice Schenck

A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). As an extraordinary remedy, mandamus issues not as a matter of right, but at the court's discretion. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles, including the principle that "equity aids the diligent and not those who slumber on their rights." *Id.* Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding).

"Two essential elements of laches are (1) unreasonable delay by one having legal or equitable rights in asserting them; and (2) a good faith change of position by another to his detriment because of the delay." *Rogers v. Ricane Enters.*, 772 S.W.2d 76, 80 (Tex. 1989). A

delay of only a few months can constitute laches and result in denial of mandamus relief. *See Rivera*, 858 S.W.2d at 366 (four months); *In re Pendragon Transp. LLC*, 423 S.W.3d 537, 540 (Tex. App.—Dallas 2014, orig. proceeding) (six month delay and filed less than two weeks before trial); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, no writ) (four months); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (four-month delay, no explanation for delay, and filed two weeks prior to trial).

Here, relator waited nearly five and half months to seek mandamus relief, and offers no explanation for the delay. We conclude relator's unexplained delay bars its right to complain of the order compelling arbitration. Accordingly, we deny relator's petition for writ of mandamus.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


200028F.P05