**DENY and Opinion Filed April 22, 2022**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00353-CV

### IN RE BOTTLED BLONDE DALLAS, LLC
### D/B/A BOTTLED BLONDE, Relator

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-01065**

## MEMORANDUM OPINION
Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Myers

Before the Court is relator's April 18, 2022 petition for writ of mandamus. In the petition, relator challenges the trial court's September 7, 2021 order regarding real parties in interest's motion for contempt, sanctions, and jury instructions.

A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* (internal

brackets and quotation marks omitted). Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding).

Under prior holdings of this Court and others, an unexplained delay of four months or more can constitute laches and result in the denial of mandamus relief. *See Rivera,* 858 S.W.2d at 366 (unexplained delay of more than four months); *In re Wages & White Lion Investments,* No. 05-21-00650-CV, 2021 WL 3276875 (Tex. App.—Dallas July 30, 2021, orig. proceeding) (mem. op.) (unexplained delay of over four months from oral ruling and three months from date order was signed); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig. proceeding) (unexplained delay of more than four months and waited until eve of trial); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, no writ) (unexplained four-month delay in challenging discovery orders).

Here, relator waited more than seven months from the challenged order, and with only a month remaining before trial, to file this petition. Relator has offered no explanation for this lengthy delay. Accordingly, because we conclude that relator's unexplained delay bars its right to mandamus relief, we deny mandamus relief.

/Lana Myers/

LANA MYERS

220353F.P05                                   JUSTICE