

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00180-CV

## IN RE CHAD LASTEWART MARCHBANKS, RELATOR

## ORIGINAL PROCEEDING

May 28, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Relator, Chad LaStewart Marchbanks, proceeding pro se, seeks a writ of mandamus to compel the Honorable Ana Estevez to vacate temporary orders in a suit to modify a custody order. Relator contends the trial court abused its discretion by entering temporary orders without Relator receiving notice of a hearing and without evidence establishing that the orders are for "the safety and welfare" of the children, as required by statute.[1] For the reasons set forth below, we deny mandamus relief.

---

[1] *See* TEX. FAM. CODE ANN. § 105.001(a).

"Mandamus is an extraordinary remedy granted only when the relator shows that the trial court abused its discretion and that no adequate appellate remedy exists." *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Rule 52.3 of the Texas Rules of Appellate Procedure delineates the required form and contents for a petition for a writ of mandamus. *See* TEX. R. APP. P. 52.3. For example, the petition must include a certified or sworn copy of the complained-of order or any other document showing the matter complained of. TEX. R. APP. P. 52.3(k)(1)(A). The petition for writ of mandamus filed by Relator herein fails to meet the requirements of the Rule. *See id.*

Moreover, we note that Relator waited more than five months to request mandamus relief from the trial court's order. Mandamus relief may be denied to a party for lack of diligence. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367–68 (Tex. 1993); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 935–36 (Tex. App.—Amarillo 1995, orig. proceeding) (unexplained four-month delay in filing mandamus provides ground for denying relief). Consequently, we must deny the petition.

Judy C. Parker
Justice

2